UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal Case No. 26-mj-40(1) (LMP/DLM)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>) | |
| ) | **DEFENDANT'S MOTION FOR** |
| vs. ) | **RETURN OF MOBILE PHONE** |
| ) | **AND QUASH WARRANT** |
| NEKIMA LEVY-ARMSTRONG, )<br>) | |
| Defendant. ) | |

PLEASE TAKE NOTICE that Defendant Nekima Levy-Armstrong, through undersigned counsel, hereby moves the Court for an Order requiring the government to return her mobile phone that the government seized from a co-defendant on January 22, 2026, to quash any warrant that was issued, and to prohibit the search, examination or extraction of said mobile phone. In the alternative, Ms. Levy-Armstrong requests that precautions and restrictions be imposed to prevent disclosure to the government of privileged attorney communications and private matters unrelated to any legitimate criminal investigation. This motion is made pursuant to Fed. R. Crim. P. 41(g), the Fourth Amendment protections against unreasonable searches and seizures, and Fifth Amendment protections of due process.

On January 22, 2026, government agents arrested Ms. Levy-Armstrong and co-defendant Chauntyl Allen in downtown Minneapolis. Agents seized from Ms. Allen an iphone that belonged to Ms. Levy-Armstrong. Prior to realizing that they had seized Ms. Levy-Armstrong's phone, agents stopped the vehicle of an attorney on the scene of the

arrest as she was driving from the scene and threatened her with arrest based on their belief that she might have taken Ms. Levy-Armstrong's phone. Agents also called undersigned counsel and demanded that he turn over Ms. Levy-Armstrong's phone. When undersigned counsel stated refusal without to turn over any property without a court order, the agent stated an intention to obtain an order. The agent subsequently informed undersigned counsel that they had Ms. Levy-Armstrong's phone and planned to obtain a search warrant.

      The contents of Ms. Levy-Armstrong's phone are irrelevant to the issues to the issue of whether she committed any crime when engaging in a non-violent protest at a church service on January 18, 2026 as alleged in the Complaint. Further the dim prospects that the phone may contain any material evidence of a crime are far outweighed in this case by the violations of her privacy and constitutional rights, and the rights of her clients and associates which will result from the unrestricted examination and/or extraction of her phone. It is necessary for the Court to also consider that this case and the implications of the cell phone search are extraordinary because they are the result of an openly politically motivated prosecution ordered by political officials from the top levels of government who are using openly using this case for political purposes, as evidenced by the Secretary of Homeland Security and the Whitehouse posting photos of Ms. Levy-Armstrong's arrest on Twitter and even digitally altering her physical appearance to

defame her.[1] This case is also part of the government's legal cutting edge of its fascist offensive against the American people which currently includes an ongoing militarized federal occupation of our community which entails brutal abuses of the population up to and including murder of citizens who engage in peaceful protests.[2] The government offensive further includes a deliberate effort to weaponize the court system against citizens exercising their constitutional rights to oppose this fascist regime.[3]

The Supreme Court has explained in the context of extending Fourth Amendment warrant requirements to cell phones,

> Cell phones differ in both a quantitative and a qualitative sense from other objects that might be kept on an arrestee's person. The term "cell phone" is itself misleading shorthand; many of these devices are in fact minicomputers that also happen to have the capacity to be used as a telephone. They could just as easily be called cameras, video players, rolodexes, calendars, tape recorders, libraries, diaries, albums, televisions, maps, or newspapers. . . .

---

[1] See Doc. 21 and attachments.

[2] See e.g. www.nytimes.com/2026/01/25/magazine/minneapolis-trump-ice-protests-minnesota.html?searchResultPosition=9

[3] See e.g. www.whitehouse.gov/presidential-actions/2025/09/countering-domestic-terrorism-and-organized-political-violence/  This White House memorandum defines as "domestic terrorists" anyone whom it believes to advocate "anti-Americanism, anti-capitalism, and anti-Christianity; support for the overthrow of the United States Government; extremism on migration, race, and gender; and hostility towards those who hold traditional American views on family, religion, and morality."

> Most people cannot lug around every piece of mail they have received for the past several months, every picture they have taken, or every book or article they have read—nor would they have any reason to attempt to do so. And if they did, they would have to drag behind them a trunk of the sort held to require a search warrant in *Chadwick*, *supra*, rather than a container the size of the cigarette package in Robinson.

Riley v. California, 134 S. Ct. 2473, 2489–90 (2014). In light of the recognized sensitivities associated with the contents of cell phones, the Court should not permit to engage in a search of Ms. Levy-Armstrong's phone, and certainly not an unrestricted search that will include private and professional communications, and evidence of completely legal political activity that the government likely will use for purposes of gathering intelligence on its political opponents.

An additional critical reason for the Court to restrict any cell phone search is that Ms. Levy-Armstrong is a licensed attorney in the State of Minnesota. Her phone contains communications with and regarding multiple clients. It is recognized that in order to protect the privacy of attorney-client relationships a Court must impose robust restrictions and protections on the search of items containing privileged attorney materials. United States v. Under Seal (In re Search Warrant Issued June 13, 2019), 942 F.3d 159 (4th Cir. 2019). The Court must halt any search of the phone until necessary protections are implemented.

Ms. Levy-Armstong requests a full hearing on this Motion and a further oppotunity for fuller briefing. She further requests an immediate temporary order halting any phone

search until this Motion can be fully considered by the Court.

Dated:  January 26, 2026                    LAW OFFICE OF JORDAN S. KUSHNER

                                                         By s/Jordan S. Kushner
                                                         Jordan S. Kushner, ID 219307
                                                         Attorney for Defendant
                                                         431 South 7th Street, Suite 2446
                                                         Minneapolis, Minnesota  55415
                                                         (612) 288-0545
                                                         jskushner@gmail.com