UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>           Plaintiff,<br><br>v.<br><br>Nekima Valdez Levy-Armstrong,<br><br>           Defendant. | No. 26-cr-25(1) (LMP/DLM)<br><br>**ORDER** |

Before the Court is Defendant Nekima Levy-Armstrong's Motion for Return of Mobile Phone and to Quash Warrant. (Doc. 32.)[1] In her motion, Ms. Levy-Armstrong asks the Court to order return of her seized mobile phone, and to quash any warrant issued related to the search, examination, or extraction of that mobile phone. According to Ms. Levy-Armstrong, the contents of her phone are "irrelevant" to whether she has engaged in criminal activity that serves as the basis for the charges she faces. Ms. Levy-Armstrong also asserts that as an attorney, her phone may include material that is privileged between her and her prospective and actual clients. Finally, Ms. Levy-Armstrong asserts that she is the target of "an openly politically motivated prosecution," and expresses concern that the

---

[1] This document was filed at Docket Number 32 of *United States v. Levy-Armstrong et al.*, 26-mj-40 (LMP/DLM), and was re-docketed at Docket Number 32 of *United States v. Levy-Armstrong et al.*, 26-cr-25 (LMP/DLM) once this matter proceeded by Indictment and was assigned a new case number. The government's response was initially docketed only in case number 26-mj-40. (Doc. 39.) However, this afternoon the government also docketed its response in case number 26-cr-25. (*See* Doc. 85.)

contents of her mobile phone will be misused given that the executive branch published pictures of her arrest that were digitally altered and defamatory (among other things).

The government, for its part, notes that a federal warrant has issued out of this District authorizing the seizure and forensic review of Ms. Levy-Armstrong's mobile phone. (Doc. 85.) That warrant and related documents were sealed pursuant to the government's petition for an order of sealing. Nonetheless, the government discusses the contours of those sealed documents in its publicly-filed, unredacted memorandum in opposition to Ms. Levy-Armstrong's motion. The Court is troubled by such conduct. Certainly the government knows what it means when a document is sealed. When the Court grants a motion to seal, that is an order of the Court, not just a suggestion for the government to consider. Future violations of court sealing orders—direct or indirect—will not be tolerated.

The Court now turns briefly to the merits of the government's position. As the government notes, Ms. Levy-Armstrong's mobile phone was seized pursuant to a warrant. The Court has independently reviewed that warrant, and concludes the actions taken thus far, as well as those forecast by the government, are within the scope of that warrant. Additionally, the government has indicated what steps are being implemented to ensure that privileged information is not subject to disclosure for purposes of this prosecution. Those steps, including use of a so-called "filter team," are appropriate and assuage any concern regarding privileged materials. Finally, the government has indicated it will return Ms. Levy-Armstrong's device to her promptly once it is forensically reviewed and/or

imaged. These are common and suitable investigative techniques. Accordingly, Ms. Levy-Armstrong's Motion for Return of Mobile Phone and to Quash Warrant is DENIED. SO ORDERED.

DATED:  February 3, 2026          *s/Douglas L. Micko*
                                  DOUGLAS L. MICKO
                                  United States Magistrate Judge