UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. 0:26-cr-025-LMP-DLM |
| v. | ) |
| NEKIMA VALDEZ LEVY-ARMSTRONG, *et al.*, | ) |
| Defendants. | ) |

# OPPOSITION TO DEFENDANT ARMSTRONG'S MOTION TO MODIFY CONDITIONS OF PRE-TRIAL RELEASE

Defendant Nekima Valdez Levy-Armstrong ("Defendant") has moved to eliminate various conditions of pre-trial release. For the reasons set forth herein, the motion should be denied.

## STATEMENT OF FACTS

On or about January 20, 2026, the Government obtained a complaint and arrest warrant against Defendant for a violation of 18 U.S.C. § 241 (Conspiracy Against Rights). On January 22, 2026, Defendant made her initial appearance. *See* Dkt. 9, 11. The Court determined that pre-trial release was appropriate and imposed the following "additional conditions of [pre-trial] release" pursuant to 18 U.S.C. § 3142(c)(1)(B):

- Condition 7(a): Defendant must "submit to supervision by and report for supervision to the U.S. Probation and Pretrial

1

> Service Office as directed and ensure [her] supervising officer has a means to reach [her]."

- Condition 7(f): Defendant's "[t]ravel shall be restricted to Minnesota unless approved by the supervising officer."

- Condition 7(g): Defendant must "avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution," as stated on a Government-provided list.

- Condition 7(k): Defendant may "not possess a firearm, destructive device, or other weapon."

- Condition 7(s): Defendant must "report within 72 hours to the pretrial services office or supervising officer every contact with law enforcement personnel, including arrests, questioning, or traffic stops."

Dkt. 12 at 2-4. The Court also imposed Condition 7(u), which requires Defendant to "stay away from the church location identified in the Complaint Affidavit [Cities Church]. 'Stay away' means no closer than the public sidewalk nearest to the location of the Church.'" *Id.* at 4.

Upon the Government's application for review of the release order (Dkt. 17), the Court (per the Honorable Laura M. Provinzino, United States District Judge) denied the Government's motion on January 23, 2026, but imposed two additional conditions of release:

- Condition 7(d): Defendant must "surrender any passport, Visa, Advanced Parole Document, Refugee Travel Permit/Reentry Document, or other foreign travel document."

- Condition 7(e): Defendant must "not obtain a passport, Visa, Advanced Parole Document, Refugee Travel

2

>  Permit/Reentry Document, or other foreign travel document."

Dkt. 22 at 9.

On February 1, 2026, Defendant filed a motion to vacate the foregoing conditions, except the "stay away" order identified as Condition 7(u).  Dkt. 69.

## ARGUMENT

The challenged release conditions are proper and should not be eliminated or modified because they are the "least restrictive" conditions that "will reasonably assure [Defendant's] appearance … and the safety of any other person and the community."  18 U.S.C. § 3142(c)(1)(B).

### A.  Release Conditions of Co-Defendants are Irrelevant

Defendant's primary argument is that all of her release conditions should be released because "three co-defendants in this case were more recently released on their own recognizance without any Additional Conditions of Release."  (*See* Mot. at 1, 3.)  The motion does not name the co-defendants, but the Government believes Defendant is referring to defendants Crews, Fort, and Lundy.  In any event, the argument is legally invalid.

As with the federal sentencing system after *Booker*, the statute governing pre-trial release status and conditions requires the Court to make an individualized assessment of each defendant.  *See* 18 U.S.C. § 3142(a)-(c). For each defendant, that assessment requires review and consideration of the

3

Pre-Trial Services Report, arguments at the initial appearance, and the nature of the charges, etc. *Id*.

Defendant cannot, therefore, properly claim that she is entitled to the same conditions of release of three of her eight co-defendants. Nor should the Court or the Government be required to peruse the Pre-Trial Services Reports of all the other defendants in this case or in other cases to evaluate why the Court decided certain conditions were or were not appropriate for the other defendants. It is not workable and ignores the statute's clear requirement of an individualized assessment.

Moreover, Defendant is differently situated from at least some of her co-defendants. Apart from facts set forth in Defendants' Pre-Trial Services Report,[1] the complaint affidavit (a redacted copy of which has been unsealed) makes clear that Defendant was the "apparent organizer" and "leader" of the attack on Cities Church and that she gave instructions to the other agitators. (Dkt. 23-1 at ¶¶ 9, 14, 18.) The indictment similarly alleges that Defendant "organized the operation targeting the Church" and "provided instruction" to her co-defendants on how the operation would be conducted." (Dkt. 39 ¶ 7.)

---

[1] Although Defendant's motion discloses the contents of the Pre-Trial Services Report (Mtn. at 1), the Government is refraining from following suit because the report is a court document that is not publicly filed. Local Rule 49.1 also provides no guidance on the issue of making passing references to a PTSO in a publicly-filed document. The Government nonetheless relies on the PTSO's Report, as it did at Defendant's Initial Appearance.

As noted below, the Government proffered at the initial appearance certain facts bearing on issues of flight and/or Defendant's willingness to comply with basic conditions. Based on these facts, Defendant presents a different risk profile from her co-defendants, notwithstanding other aspects of her personal history that are certainly commendable and which the Court also clearly considered when imposing the challenged release conditions.

B.   **Defendant's Speculation Regarding Undue Influence on Court's Discretion Is Groundless**

Defendant speculates that "[i]t is possible" that the Government's "bad faith" may have "influenced" the Court's decision not to impose conditions of release on her codefendants. Mot. 2 (citing certain news events and noting that comments by public officials may have "influence[d]" the Court's decision not to impose conditions on her co-defendants.) That argument is unfair to both the Court and the Government. There is no evidence that the Court was even aware of the referenced public commentary, and the Government did not (based on counsel's recollection of the hearing) ask the Court to consider public commentary.

Nor has the Government elected to pursue this case in "bad faith." This case reflects the Government's simple desire to enforce federal laws that protect Americans' First Amendment rights. At Defendant's initial appearance, the Government argued for detention and, in the alternative,

5

certain release conditions based on the nature of the charges, particular facts in the complaint affidavit, defendant's personal history as detailed in her Pre-Trial Services Report, and a factual proffer bearing on Defendant's risk of flight—for example, that she was hiding out in a hotel with one co-defendant and appeared to notice that she was being followed and then fled back to her hotel.  These are standard arguments that the Government makes in many cases across the country, when, as here, it believes they are warranted.

**C.   The Conditions of Release Are Reasonable and Not Unduly Restrictive**

The challenged conditions are proper.  As required by Section 3142(c), they are reasonable and proper because they "reasonably assure the appearance of [Defendant] as required" and protect the safety of other "person[s] [and] the community."

In fact, these are standard conditions regularly imposed in felony cases. Conditions 7(a), (d), and (e) facilitate effective supervision of Defendant by the Pre-Trial Services Office and help to reasonably assure Defendant's presence for court hearings.  Condition 7(a) provides for pre-trial supervision and is necessary to effectuate the other conditions.  Conditions 7(d) and (e) prevent Defendant from fleeing the country.  Defendant does not identify any concrete travel plans or any reason she may need to leave the country aside from her unspecified "business and community activism." (Mot. 2.)  In the absence of an

6

actual need to leave the country, Conditions 7(d) and (e) do not impose an "unnecessarily onerous" burden on Defendant. (*Id.*)

Moreover, Condition 7(f) does not forbid all travel outside of Minnesota; it simply requires that any such travel first be approved by the Court's PTSO. (Doc. 12.) If Defendant truly has compelling business reasons to leave Minnesota, then her supervising officer can approve travel and any necessary monitoring conditions.

Conditions 7(g), (k), and (s) prevent Defendant from endangering specific individuals or the public. Condition 7(g) prohibits Defendant from contacting victims or potential witnesses in this case. It furthers the Court's "duty to protect its processes and to protect prospective witnesses," *United States v. Smith*, 444 F.2d 61, 62 (8th Cir. 1971), by prophylactically barring all communications between Defendant and witnesses or victims of the alleged crimes. *See also* 18 U.S.C. § 3142(h)(2)(C) (requiring courts to advise released defendants that intimidating or tampering with witnesses violates federal law). That condition is also beneficial to Defendant in that it avoids further contacts that might lead to misunderstandings.

Condition 7(k) prevents Defendant from possessing a firearm. Defendant states that while she "has no intention of possessing a firearm," her husband owns firearms, and "Probation has informed her husband that he cannot have guns in his home in order for [Defendant] to comply with the

7

current conditions of release." (Mot. 2) The Government agrees that Defendant's "husband should not be denied his Second Amendment [r]ights" to lawfully possess a firearm in his home. (*Id.*) The Government does not oppose an order clarifying that Defendant's husband may retain his guns in compliance with Minnesota law, so long as Defendant does not access, use, carry, transport, or otherwise handle the guns outside of their residence.

Condition 7(s) requires Defendant to contact the pretrial services office within 72 hours of any interactions with law enforcement. There is nothing "unnecessarily

///

///

///

///

///

///

///

///

///

///

///

onerous" about this. If Defendant interacts with law enforcement, she has three full days to simply inform Pretrial Services so it may take any appropriate actions.

DATED: February 6, 2026.             Respectfully submitted,

DANIEL N. ROSEN                      HARMEET K. DHILLON
United States Attorney               Assistant Attorney General
District of Minnesota
                                     JESUS A. OSETE
                                     Principal Deputy Assistant Attorney General

                                     ROBERT J. KEENAN
                                     Acting Deputy Assistant Attorney General

                                     ORLANDO B. SONZA
                                     Counsel

                                       /s/ Joshua R. Zuckerman
                                     JOSHUA R. ZUCKERMAN
                                     GRETA GIESEKE
                                     Attorneys
                                        Civil Rights Division
                                        U.S. Department of Justice
                                        950 Pennsylvania Ave. NW
                                        Washington, DC 20530
                                        Telephone: (202) 514-3847
                                        Email: joshua.zuckerman@usdoj.gov

                                     Attorneys for Plaintiff
                                     UNITED STATES OF AMERICA