IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

*Plaintiff*,

v.

IAN DAVIS AUSTIN,

*Defendant*.

Case No. 0:26-CR-25(9) (LMP/DLM)

**NOTICE OF MOTION AND MOTION TO DISMISS COUNTS ONE AND TWO OF THE INDICTMENT PURSUANT TO FED. R. CRIM. P. 12(b)(3)(B)(v) AND MEMORANDUM OF LAW**

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that Defendant Ian Davis Austin, by and through counsel, will move this Court for an order dismissing Counts One and Two of the Indictment as applied to him pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v), on the ground that the Indictment fails to state an offense.

This motion will be heard before the Honorable Laura M. Provinzino, United States District Judge, at a date and time to be set by the Court, or will be decided on the parties' written submissions pursuant to the Court's procedures.

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Law, all files and records in this case, and such argument as the Court may permit.

## MOTION

Defendant Ian Davis Austin hereby moves the Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v), for an order dismissing Counts One and Two of the Indictment as applied to him for failure to state an offense.

As set forth in the accompanying Memorandum of Law, even accepting the allegations of the Indictment as true, the government has failed to allege facts sufficient to establish the elements of the charged offenses as to Mr. Austin.

WHEREFORE, Defendant respectfully requests that the Court dismiss Counts One and Two of the Indictment as applied to him.

Dated: February 6, 2026

Respectfully submitted,

/s/ Sarah R. Gad

Sarah R. Gad, 0403328
Gad & Gad Law Offices LLP
Attorney | Founding Partner
8 E 25th Street
Minneapolis, MN 55404
Telephone: (612) 412-1710
sarah@gadlawoffice.com
***Attorney for Defendant***

## TABLE OF CONTENTS

TABLE OF AUTHORITIES....................v
INTRODUCTION....................1
PROCEDURAL HISTORY....................2
ALLEGATIONS IN THE INDICTMENT....................3
LEGAL STANDARD ....................3

A. Rule 12(b)(3)(B): Failure to State an Offense....................3

B. Pleading Requirements for Specific-Intent Offenses Charged Here....................4

C. Narrow Construction and Pleading in Cases Implicating Expressive Conduct.....5

ARGUMENT....................6

I. COUNT ONE (18 U.S.C. § 241) FAILS TO STATE AN OFFENSE AS APPLIED TO DEFENDANT IAN DAVIS AUSTIN....................6

A. Legal Elements and the Indictment-Only Posture.......................6

B. Section 241 Criminalizes Only Agreements Whose Object Is the Deprivation of a Protected Right....................7

C. The Indictment' Does Not Plead an Agreement Whose Object Was Interference With Religious Exercise....................8

D. The Indictment Does Not Plead Mr. Austin's Knowing and Purposeful Participation in a § 241 Conspiracy....................9

E. Collective Allegations Cannot Supply Missing Object and Intent....................10

F. Count One Must Be Dismissed....................11

II. COUNT TWO (18 U.S.C. § 248(a)(2), (b), AND 18 U.S.C. § 2) FAILS TO STATE AN OFFENSE AS APPLIED TO DEFENDANT IAN DAVIS AUSTIN....................11

A. The FACE Act Imposes Narrow, Conjunctive Pleading Requirements....................11

B. The Indictment Does Not Allege That Mr. Austin Used Force or Threatened Force....................13

C. The Indictment Does Not Plead Facts Establishing "Physical Obstruction" ....... 13

D. The Indictment Does Not Allege That Mr. Austin Acted "Because Of" Religious Exercise ....... 14

E. The Indictment Fails to Plead Aiding-and-Abetting Liability Under 18 U.S.C. § 2 ....... 15

F. Count Two Must Be Dismissed ....... 16

CONCLUSION ....... 16

# TABLE OF AUTHORITIES

## Cases

*Anderson v. United States*, 417 U.S. 211 (1974).....5, 7, 9

*Gooding v. Wilson*, 405 U.S. 518 (1972).....5

*Hamling v. United States*, 418 U.S. 87 (1974).....3

*NAACP v. Button*, 371 U.S. 415 (1963).....5

*Noto v. United States*, 367 U.S. 290 (1961).....6

*Rosemond v. United States*, 572 U.S. 65 (2014).....5, 15

*Russell v. United States*, 369 U.S. 749 (1962).....10

*Screws v. United States*, 325 U.S. 91, 106–07 (1945).....6, 8

*United States v. Ballinger*, 395 F.3d 1218 (11th Cir. 2005).....14

*United States v. Bird*, 124 F.3d 667 (5th Cir. 1997).....11

*United States v. Cecil*, 608 F.2d 1294 (9th Cir. 1979).....10

*United States v. Debrow*, 346 U.S. 374 (1953).....3

*United States v. Dinwiddie*, 76 F.3d 913 (8th Cir. 1996).....5, 12-14

*United States v. Farm & Home Sav. Ass'n*, 932 F.2d 1256 (8th Cir. 1991).....4

*United States v. Ferro*, 252 F.3d 964 (8th Cir. 2001).....4

*United States v. Grassie*, 237 F.3d 1199 (10th Cir. 2001).....14

*United States v. Guest*, 383 U.S. 745 (1966).....4, 6, 8

*United States v. Hart,* 212 F.3d 1067 (8th Cir. 2000).....10

*United States v. Ivey*, 915 F.2d 380 (8th Cir. 1990).....15

*United States v. Just*, 74 F.3d 902 (8th Cir. 1996).....4

*United States v. Nabors*, 45 F.3d 238 (8th Cir. 1995).....4

*United States v. Resendiz-Ponce*, 549 U.S. 102 (2007).....3

*United States v. Spock*, 416 F.2d 165 (1st Cir. 1969).....6

*United States v. Steffen*, 687 F.3d 1104 (8th Cir. 2012).....4

*United States v. Wilson*, 154 F.3d 658 (7th Cir. 1998).....12-13

## Statutes

18 U.S.C. § 2.....15

18 U.S.C. § 241.....passim

18 U.S.C. § 248.....passim

18 U.S.C. § 248(e)(3) .......... 13
18 U.S.C. § 248(e)(5) .......... 13
Fed. R. Crim. P. 7(c)(1) .......... 3
Fed. R. Crim. P. 12(b)(3)(B)(v) .......... passim

# INTRODUCTION

The government has charged nine defendants with serious federal offenses arising from a protest that occurred during a church service. The indictment describes the event in broad and highly charged terms. At the pleading stage, however, characterization is not enough. Confined to the four corners of the indictment, the question is whether the government has alleged facts that, if true, state a federal offense as to each defendant individually.

As to Ian Davis Austin, it has not.

Counts One and Two charge specific-intent crimes under 18 U.S.C. § 241 and the Freedom of Access to Clinic Entrances Act ("FACE Act"), 18 U.S.C. § 248. To state an offense under § 241, the indictment must allege facts showing that the defendant knowingly joined an agreement whose object was to injure, threaten, or intimidate persons because of their exercise of a federally protected right. To state an offense under the FACE Act, the indictment must allege that the defendant personally used force, threatened force, or physically obstructed another person because of that person's exercise or attempted exercise of religious freedom.

As pleaded, the indictment does not allege facts establishing either offense as to Mr. Austin. The conduct attributed to him consists of attendance at a meeting, presence at a church service, verbal statements, and proximity to others. The indictment does not allege facts showing that Mr. Austin entered into an agreement to interfere with religious worship or the free exercise of religion, nor does it allege that he used force, threatened force, or engaged in physical obstruction within the meaning of § 248.

Where charged conduct arises in the context of protest activity, Rule 12 requires the Court to assess whether the indictment alleges clear, particularized facts showing conduct that falls within the scope of the charged statutes. Here, it does not.

Because the indictment fails, on its face, to allege facts that state a federal offense as to Ian Davis Austin, Counts One and Two must be dismissed.

## PROCEDURAL HISTORY

On January 20, 2026, the government filed a sealed criminal complaint in Case No. 0:26-mj-00040-LMP-DLM, charging several individuals with violations of 18 U.S.C. §§ 241 and 248(a)(2) in connection with events at Cities Church. During the complaint proceedings, a magistrate judge declined to approve charges under § 248(a)(2) as to certain proposed defendants, citing a lack of evidence of physical obstruction.

On January 29, 2026, a federal grand jury returned an indictment charging Mr. Austin and eight co-defendants with (1) conspiracy against rights, in violation of 18 U.S.C. § 241, and (2) interference with religious freedom at a place of worship, in violation of 18 U.S.C. §§ 248(a)(2), (b), and 2. Mr. Austin was arrested on January 30, 2026, and made his initial appearance on February 2, 2026, before Magistrate Judge David T. Schultz. He was ordered released on personal recognizance, arraigned, and entered a plea of not guilty.

The indictment is the sole operative charging document. The allegations specific to Mr. Austin appear only in the general conspiracy allegations and a limited subset of purported overt acts. *See* Doc. 39 ¶ 8. Mr. Austin now moves to dismiss Counts One and Two pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v) for failure to state an offense.

## ALLEGATIONS IN THE INDICTMENT

The Indictment alleges that a flyer was posted on social media referencing a resistance operation against the federal government's immigration policies. Doc. 39 ¶ 8, Overt Act 1.

It further alleges that Mr. Austin attended a meeting on January 18, 2026. *Id.* ¶ 8, Overt Acts 3 and 4.

It further alleges that, during a church service later that day, Mr. Austin stood with other "agitators" in and around the main aisles, approached the pastor and congregants in a "menacing" manner, and "loudly berated" the pastor with questions about Christian nationalism. *Id.* ¶ 8, Overt Act 16.

## LEGAL STANDARD

### A. Rule 12(b)(3)(B): Failure to State an Offense

Federal Rule of Criminal Procedure 12(b)(3)(B)(v) permits a defendant to move to dismiss an indictment that fails to state an offense. An indictment is constitutionally sufficient only if it (1) contains the essential elements of the charged offense, (2) fairly informs the defendant of the charge against which he must defend, and (3) enables him to plead double jeopardy in any future prosecution. *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Resendiz-Ponce*, 549 U.S. 102, 108–10 (2007) (quoting *United States v. Debrow*, 346 U.S. 374, 376 (1953)).

Rule 7(c)(1) codifies this constitutional minimum, requiring "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment may track statutory language but, it must also allege

sufficient facts to make clear what conduct the grand jury actually charged, so that the defendant can prepare a defense and later plead double jeopardy. *Russell v. United States*, 369 U.S. 749, 764–65 (1962).

In resolving a Rule 12(b)(3)(B)(v) motion, the Court's review is confined to the four corners of the indictment. The Court accepts the indictment's factual allegations as true, but may not weigh evidence, assess credibility, or consider facts outside the charging instrument. *United States v. Farm & Home Sav. Ass'n*, 932 F.2d 1256, 1259 n.3 (8th Cir. 1991); *United States v. Steffen*, 687 F.3d 1104, 1107 n.2 (8th Cir. 2012).

Even under this deferential standard, dismissal is proper when "no reasonable construction" of the indictment can be said to charge a federal offense. *United States v. Just*, 74 F.3d 902, 904 (8th Cir. 1996); *United States v. Nabors*, 45 F.3d 238, 240 (8th Cir. 1995). The question is not whether the government might prove a crime at trial, but whether the indictment actually alleges one. *United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001).

**B. Pleading Requirements for Specific-Intent Offenses Charged Here**

Counts One and Two charge offenses that require specific intent. Where a statute imposes a specific-intent requirement, the indictment must allege facts showing not only the defendant's conduct, but the purpose with which that conduct was undertaken. *See United States v. Guest*, 383 U.S. 745, 753–54 (1966).

Section 241 criminalizes only conspiracies formed for the purpose of injuring, oppressing, threatening, or intimidating persons in the free exercise or enjoyment of rights secured by the Constitution or laws of the United States. *Id.* The intent required under §

241 is the intent to interfere with the protected right itself, not merely the intent to pursue a broader political, social, or expressive objective. *Anderson v. United States*, 417 U.S. 211, 223–27 (1974). An indictment charging a § 241 conspiracy must therefore allege facts showing a knowing agreement and a shared purpose to deprive a federal right.

The FACE Act likewise requires specific intent. Section 248(a)(2) prohibits the intentional use of force, threat of force, or physical obstruction because of a person's exercise or attempted exercise of religious freedom. That "because of" element requires that the prohibited conduct be motivated by the victim's religious exercise, not merely contemporaneous with it. *United States v. Dinwiddie*, 76 F.3d 913, 924–25 (8th Cir. 1996).

Where liability is charged under an aiding-and-abetting theory, the government must allege facts showing that the defendant knew the essential nature of the principal offense and intentionally assisted or facilitated it with the purpose of bringing it about. *Rosemond v. United States*, 572 U.S. 65, 76–77 (2014). Aiding-and-abetting principles do not relax the specific-intent requirements imposed by the underlying statute.

### C. Narrow Construction and Pleading Precision in Cases Implicating Expressive Conduct

When criminal charges arise from conduct occurring in the context of protest, political advocacy, or other expressive activity, courts construe criminal statutes narrowly to ensure that constitutionally protected expression is not swept within their reach. *NAACP v. Button*, 371 U.S. 415, 433 (1963); *Gooding v. Wilson*, 405 U.S. 518, 522 (1972).

At the pleading stage, this principle requires the government to allege particularized facts showing the defendant's knowing participation in conduct that falls within the

statute's prohibited scope, rather than relying on generalized allegations of association, presence, or participation in expressive activity. *Noto v. United States*, 367 U.S. 290, 297–300 (1961); *United States v. Spock*, 416 F.2d 165, 180–82 (1st Cir. 1969). These requirements ensure that criminal liability is imposed only for conduct the statute lawfully reaches, and not for protected speech or association.

## ARGUMENT

### I. COUNT ONE (18 U.S.C. § 241) FAILS TO STATE AN OFFENSE AS APPLIED TO DEFENDANT IAN DAVIS AUSTIN

#### A. Legal Elements and the Indictment-Only Posture

To state an offense under 18 U.S.C. § 241, an indictment must allege facts showing that: (1) two or more persons entered into an agreement; (2) the object of that agreement was to injure, threaten, or intimidate persons in the free exercise or enjoyment of a right secured by the Constitution or laws of the United States; and (3) the defendant knowingly and voluntarily joined that agreement with the specific intent to achieve that unlawful objective. *United States v. Guest*, 383 U.S. 745, 753, 760 (1966), quoting *Screws v. United States*, 325 U.S. 91, 106–07 (1945).

Although § 241 does not require proof of an overt act, it remains a specific-intent conspiracy statute. The indictment must therefore allege facts establishing both an agreement with the requisite unlawful object and the defendant's knowing, purposeful participation in that agreement. General allegations of disruptive conduct, group activity, or political protest cannot substitute for allegations that the deprivation of a protected right was the object of the agreement itself.

Because this motion arises under Rule 12(b)(3)(B)(v), the Court's review is confined to the indictment's factual allegations. The question is not whether the government might later prove intent, but whether the indictment, on its face, alleges facts that—if true—establish the elements of a § 241 conspiracy as to Mr. Austin individually.

### B. Section 241 Criminalizes Only Agreements Whose Object Is the Deprivation of a Protected Right

Section 241 is a specific-intent conspiracy statute. It reaches only those agreements formed with the purpose of injuring, threatening, or intimidating persons in the free exercise or enjoyment of a right secured by the Constitution or federal law. The Supreme Court has made clear that § 241 requires proof of specific intent. *Guest,* 383 U.S. at 753–54, 757–60; *Screws*, 325 U.S. at 91.

That specific-intent requirement is not satisfied by an agreement to engage in confrontation, protest, or political advocacy that incidentally affects the exercise of a protected right. Rather, the deprivation of the protected right must be the object of the agreement itself. In *Anderson v. United States*, the Court held that a § 241 conspiracy charge must allege an intent to violate the particular federal right at issue, not merely an intent to pursue a broader political or social objective. 417 U.S. at 223–27.

Accordingly, an indictment charging a § 241 conspiracy must allege facts showing both (1) an agreement whose aim was the deprivation of a specific federally protected right, and (2) the defendant's knowing and purposeful participation in that agreement with the intent to achieve that unlawful objective. Allegations describing disruptive conduct,

political protest, or confrontation with government officials do not suffice unless the indictment pleads that suppression of the protected right was the conspiratorial goal.

### C. The Indictment Does Not Plead an Agreement Whose Object Was Interference With Religious Exercise

The indictment's own allegations describe the alleged operation as political in nature. It alleges that a flyer advertised a "resistance operation" opposing ICE and federal immigration policy, and directed participants to a parking lot to prepare for the "operation." Doc. 39 ¶ 8, Overt Act 1. It further alleges that the protest targeted a federal immigration official and included chants such as "ICE Out," and accusations that the church was harboring the "Director of ICE." *Id.* ¶ 8, Overt Acts 13, 14.

Those allegations identify opposition to federal immigration enforcement and a federal official as the pleaded objective of the operation. Nowhere does the indictment allege that the objective of the operation was to stop worship, disrupt religious practice, or intimidate congregants because they were engaged in religious exercise.

The indictment includes a general assertion that participants knew the protest would occur at a church. The indictment does not, however, plead facts tying that awareness to an agreement to interfere with religious worship as such. Knowledge of location, without more, does not establish that deprivation of religious exercise was the object of the agreement.

The indictment further alleges that the operation was "clandestine," that the destination was concealed, and that participants were instructed to follow vehicles in close succession. *Id.* ¶ 8, Overt Acts 6, 8. Accepting those allegations as true, the indictment does

not plead facts showing that Mr. Austin knowingly joined an agreement whose object was interference with religious exercise, as opposed to participation in a protest whose pleaded objective was political.

Section 241 does not criminalize agreements based on the setting in which conduct occurs, but on the object of the agreement itself. The indictment does not allege that interference with religious exercise was selected as a means to advance the protest's political objective, as opposed to being incidental to the chosen location. The indictment must allege facts showing that deprivation of religious exercise was the aim of the agreement. *Guest,* 383 U.S. at 753; *Screws*, 325 U.S. at 91. It does not do so.

### D. The Indictment Does Not Plead Mr. Austin's Knowing and Purposeful Participation in a 241 Conspiracy

Section 241 requires allegations showing that the defendant knowingly and voluntarily joined an agreement whose object was the deprivation of a protected right, and did so with the intent to achieve that unlawful aim. *Guest*, 383 U.S. at 753; *Anderson*, 417 U.S. at 223–27.

As applied to Mr. Austin, the indictment does not allege facts showing that he participated in the formation of any agreement to interfere with religious exercise, understood such an objective, or agreed to pursue it. It does not allege that he organized the protest, planned its objectives, selected the location for the purpose of interfering with worship, instructed others, or agreed in advance to deprive congregants of religious exercise.

Instead, the indictment alleges that Mr. Austin attended the event, stood with other participants in and around aisles, engaged in chants opposing ICE, and confronted the pastor—identified as a federal immigration official—by questioning him about "Christian nationalism." Doc. 39 ¶ 8, Overt Act 16. Those allegations do not plead that Mr. Austin knowingly joined an agreement purposed at depriving congregants of the right to religious exercise.

The indictment does not allege facts showing that Mr. Austin acted with the specific intent required under § 241 to injure, threaten, or intimidate persons because they were engaged in religious worship. The absence of such allegations is dispositive at the pleading stage.

**E. Collective Allegations Cannot Supply the Missing Object and Intent**

The government may not rely on collective references to "defendants," "co-conspirators," or "agitators" to supply essential elements that must be pleaded as to each defendant individually. An indictment may not leave the unlawful object of the conspiracy or a defendant's knowing and purposeful participation to inference or implication. *Russell v. United States*, 369 U.S. 749, 770 (1962); *United States v. Cecil*, 608 F.2d 1294, 1296–97 (9th Cir. 1979).

That limitation is particularly important here, where the indictment's own narrative frames the event as political protest activity directed at federal immigration enforcement. Absent factual allegations tying Mr. Austin to an agreement whose object was the deprivation of religious exercise—and absent allegations that he knowingly joined such an agreement for such purpose—the indictment fails to state a § 241 offense as applied to him.

### F. Count One Must Be Dismissed

As pleaded, the indictment does not allege facts establishing that Mr. Austin knowingly joined an agreement whose object was to injure, threaten, or intimidate persons because they were exercising the right to religious freedom, nor that he acted with the specific intent to achieve that unlawful objective. Those are essential elements that must be alleged at the pleading stage.

Because § 241 requires an agreement with a rights-deprivation object and the defendant's knowing, purposeful participation in that object—and the indictment does not plead those elements as to Mr. Austin—Count One fails to state an offense and must be dismissed under Rule 12(b)(3)(B)(v).

## II. COUNT TWO (18 U.S.C. § 248(a)(2), (b), AND 18 U.S.C. § 2) FAILS TO STATE AN OFFENSE AS APPLIED TO DEFENDANT IAN DAVIS AUSTIN

### A. The FACE Act Imposes Narrow, Conjunctive Pleading Requirements

Section 248(a)(2) of Title 18, the Freedom of Access to Clinic Entrances Act ("FACE Act"), criminalizes only a narrow category of conduct. To state an offense, an indictment must allege facts showing that the defendant:

1. Intentionally injured, intimidated, or interfered with a person lawfully exercising or seeking to exercise religious freedom;
2. By force, threat of force, or physical obstruction; and
3. Because of that person's religious exercise.

18 U.S.C. § 248(a)(2). These elements are conjunctive. An indictment that fails to plead either a statutorily prohibited means or the statutorily required motive fails to state an offense.

Congress deliberately confined the statute's reach by limiting liability to specified forms of conduct undertaken for a specified purpose. The FACE Act does not impose liability based on location alone, nor does it criminalize conduct absent allegations of force, threat of force, or physical obstruction undertaken because of religious exercise. Construing the statute otherwise would render its means and motive requirements superfluous.

Consistent with the statute's text, courts construe the FACE Act narrowly. In the Eighth Circuit, FACE Act convictions have been upheld only where the indictment and proof established conduct involving a statutorily prohibited means—such as a true threat of force or physical obstruction—undertaken because of the victim's exercise of religious freedom. *United States v. Dinwiddie*, 76 F.3d 913, 924–26 (8th Cir. 1996); *United States v. Hart*, 212 F.3d 1067, 1070–72 (8th Cir. 2000).

Other circuits have likewise limited FACE Act liability to conduct involving physical obstruction or overtly violent threats, such as chaining oneself to block an entrance or committing acts of physical aggression accompanied by death threats. *United States v. Wilson*, 154 F.3d 658, 663 (7th Cir. 1998); *United States v. Bird*, 124 F.3d 667, 671–72 (5th Cir. 1997). The FACE Act does not extend to expressive conduct that, without force, threats of force, or physical obstruction, merely unsettles, disturbs, or confronts its audience.

### B. The Indictment Does Not Allege That Mr. Austin Used Force or Threatened Force

As applied to Mr. Austin, the indictment does not allege that he used force against any person. It pleads no physical contact, assaultive conduct, weapons, or acts capable of causing bodily harm. Nor does it allege that he threatened force.

The conduct attributed to Mr. Austin consists of verbal confrontation and criticism directed at the pastor concerning immigration enforcement and "Christian nationalism." Doc. 39 ¶ 8, Overt Act 16. Speech does not constitute a threat of force unless it conveys a threat of bodily harm sufficient to place a reasonable person in fear. The FACE Act defines "intimidation" as conduct placing a person in reasonable apprehension of bodily harm. 18 U.S.C. § 248(e)(3).

The indictment relies on conclusory descriptors such as "menacing" or "loudly berating," and "agitators," though it pleads no facts showing fear of physical injury or a communicated threat of violence. Absent factual allegations of force or threats of force, two of the statute's three exclusive means are not pleaded as to Mr. Austin. *Dinwiddie*, 76 F.3d at 924–25.

### C. The Indictment Does Not Plead Facts Establishing "Physical Obstruction"

The indictment likewise fails to plead physical obstruction within the meaning of the statute. "Physical obstruction" is defined as rendering ingress to or egress from a place of religious worship impassable or unreasonably difficult. 18 U.S.C. § 248(e)(5).

As applied to Mr. Austin, the indictment alleges only that he stood in or near aisles during the service. It does not allege that any person attempted to pass and was prevented

from doing so, that Mr. Austin refused to move when requested, that entrances or exits were blocked, or that congregants altered their movement because of his presence. It relies on conclusory assertions that movement was "obstructed," without pleading facts sufficient to satisfy the statute's definition.

Labels cannot substitute for facts. The FACE Act requires allegations describing how ingress or egress was rendered impassable or unreasonably difficult. The indictment pleads no such mechanics as to Mr. Austin. *See Dinwiddie*, 76 F.3d at 924–26; *United States v. Wilson*, 154 F.3d 658, 663 (7th Cir. 1998).

### D. The Indictment Does Not Allege That Mr. Austin Acted "Because Of" Religious Exercise

Independently, Count Two fails because the indictment does not plead facts establishing the FACE Act's motive requirement. The statute requires that the prohibited conduct be undertaken because the victim was exercising or seeking to exercise religious freedom. 18 U.S.C. § 248(a)(2). It is not sufficient that the conduct occurred in a church or during a religious service. Location alone cannot substitute for motive. *See United States v. Ballinger*, 395 F.3d 1218, 1232–33 (11th Cir. 2005) (en banc); *United States v. Grassie*, 237 F.3d 1199, 1210–11 (10th Cir. 2001).

As pleaded, the indictment alleges that Mr. Austin confronted the pastor regarding political and governmental matters, including federal immigration enforcement. It frames the protest as opposition to federal immigration policy and to a federal official who also serves as a pastor. The indictment does not allege that Mr. Austin sought to prevent prayer,

disrupt worship as such, deter religious practice, or target congregants because they were engaged in religious exercise.

Absent allegations that religious exercise itself was the reason for Mr. Austin's conduct, Count Two fails to state a FACE Act offense as applied to him.

### E. The Indictment Does Not Plead Aiding-and-Abetting Liability Under 18 U.S.C. § 2

Count Two also invokes aiding-and-abetting liability under 18 U.S.C. § 2, but the indictment does not plead facts sufficient to support such a theory. To state aiding-and-abetting liability, the indictment must allege that the defendant took an affirmative act to facilitate the commission of the underlying offense and did so with advance knowledge of the offense's essential elements and the intent to make it succeed. *Rosemond v. United States*, 572 U.S. 65, 71–77 (2014).

As applied to Mr. Austin, the indictment does not allege that he assisted, encouraged, directed, or coordinated any other person's use of force, threat of force, or physical obstruction. Nor does it allege facts showing that he had advance knowledge that another person would engage in conduct prohibited by the FACE Act. Instead, the indictment relies on collective descriptions of group activity and protest presence.

The indictment pleads effects, but not the mechanics by which Mr. Austin rendered movement impassable or unreasonably difficult, as § 248(e)(5) requires. Such allegations are insufficient. Mere presence at the scene of an offense, expressive alignment with others, or participation in a demonstration does not establish aiding-and-abetting liability absent

allegations of affirmative facilitation and shared criminal intent. *United States v. Ivey*, 915 F.2d 380, 384 (8th Cir. 1990).

### F. Count Two Must Be Dismissed

Taken as true and confined to the four corners of the indictment, the allegations describe participation in a political protest that occurred during a church service. They do not allege that Mr. Austin personally used force, threatened force, or physically obstructed anyone; that he acted because of anyone's exercise of religious freedom; or that he intentionally facilitated another person's commission of conduct prohibited by the FACE Act.

Because § 248(a)(2) criminalizes only narrowly defined conduct undertaken for a prohibited purpose—and the indictment pleads none of those elements as applied to Mr. Austin—Count Two fails to state an offense and must be dismissed pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v).

## CONCLUSION

As pleaded, the indictment alleges that Mr. Austin participated in a political protest that occurred inside a church. It does not allege facts establishing that he knowingly joined an agreement whose object was to interfere with religious exercise, that he acted because of such exercise, or that he personally engaged in or intentionally facilitated force, threats of force, or physical obstruction as required by the FACE Act.

Because the indictment fails to allege facts that satisfy the essential elements of either charged offense as applied to Mr. Austin, Counts One and Two must be dismissed under Rule 12(b)(3)(B)(v).

Dated: February 6, 2026

Respectfully submitted,

/s/ Sarah R. Gad

Sarah R. Gad, 0403328
Gad & Gad Law Offices LLP
Attorney | Founding Partner
8 E 25th Street
Minneapolis, MN 55404
Telephone: (612) 412-1710
sarah@gadlawoffice.com
***Attorney for Defendant***