UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NEKIMA VALDEZ LEVY ARMSTRONG, *et al.*,<br><br>Defendants. | No. 0:26-cr-00025-LMP-DLM<br><br>**GOVERNMENT'S MOTION TO DESIGNATE CASE AS COMPLEX UNDER THE SPEEDY TRIAL ACT <u>OR</u>, IN THE ALTERNATIVE, EXTEND DATE FOR DISCLOSURE OF DISCVOVERY** |

The United States of America, by and through its counsel of record, hereby moves for an order that (1) designates the above-captioned case as complex for purposes of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, and exclude the 90-day period from February 17, 2026 to May 18, 2026, inclusive, from any computation of time under the Speedy Trial Act; and (2) extends the deadlines for the briefing and hearing on pre-trial motions and the trial for an equivalent period of 90 days and extends the deadline for the initial disclosure of discovery for a period of 30 days.

Even if the Court declines to designate this case complex and thereby extend all of the above-referenced deadlines as indicated, the Government hereby moves, in the alternative, for an order that at least extends the deadline for the Government's initial production of Rule 16 discovery for a period of 30 days, with a later 30-day period for discovery materials that are not yet possessed by, or accessible to, the Government.

1

## **PROCEDURAL HISTORY**

On January 29, 2026, the Government obtained an Indictment (ECF No. 39) against the following nine defendants:

> Nekima Valdez Levy Armstrong,
> Chauntyll Louisa Allen,
> William Scott Kelly,
> Don Renaldo Lemon,
> Jerome DeAngelo Richardson,
> Jamael Lydell Lundy,
> Trahern Jeen Crews,
> Georgia Ellyse Fort, and
> Ian Davis Austin.

The Indictment alleges that all nine defendants (1) conspired amongst themselves, and with other persons, to injure, oppress, threaten, and intimidate multiple persons, including the clergy, staff, and congregants of the Cities Church (collectively, "the Victims"), in the free exercise and enjoyment of the rights and privileges secured to them by the laws of the United States, and because of such persons having exercised such rights, namely, exercise of the First Amendment right of religious freedom at a place of worship, in violation of 18 U.S.C. § 241; and (2) by the use of force, threat of force, and physical obstruction, intentionally injured, intimidated, and interfered with, and attempted to injure, intimidate, and interfere with, others persons (*i.e.*, the Victims), who were lawfully exercising and seeking to exercise the First Amendment right of religious freedom at a place of religious worship, and bodily injury to one of the congregants resulted, in violation of 18 U.S.C. § 248(a)(2).

All nine defendants have been arraigned on the indictment, with the last two having been arraigned today (February 17, 2026). In its Arraignment Order (ECF No. 130), the Court set the following pre-trial dates: (a) The Government's disclosures of Rule 16 discovery are due by February 24, 2026; (b) defendants' disclosures are due by March 3, 2026; (c) motions are due by March 10, 2026; (d) responses to motions are due by March 24, 2026; (e) Notice of Intent to Call Witness(es) is due by March 24, 2026; and (f) Responses to Notice(s) of Intent to Call Witness(es) are due by March 27, 2026.

## ARGUMENT

### A.   The Nature of This Case Warrants a Complex Case Designation Under the Speedy Trial Act

The Speedy Trial Act requires that a trial begins within 70 days after a defendant is charged or makes an initial appearance, whichever date is later, but authorizes extensions of that time period for various reasons. *See* 18 U.S.C. § 3161, *et seq.*; *United States v. Grady*, 88 F.4th 1246, 1255-56 (8th Cir. 2023). One such authorized delay is a continuance granted by the Court to serve "the ends of justice." *Id.* (quoting 18 U.S.C. § 3161(h)(7)(A)).

A continuance based on the "ends-of-justice finding" may be based on various factors, including the following: "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the

3

time limits." *Id.* at 1256 (quoting 18 U.S.C. § 3161(h)(7)(B)(ii)). "[M]any necessary witnesses" and a "large volume of discovery" are also among the relevant considerations. *See United States v. Selle*, No. 24-CR-228 (SRN/DLM), 2025 WL 1573157, at *2 (D. Minn. June 4, 2025) (citing *United States v. Pikus*, 39 F.4th 39, 53 (2d Cir. 2022)).

These considerations all exist here. The pending Indictment charges nine defendants with two counts each. As the investigation remains active, the number of defendants could increase. Some of the charged defendants and/or their counsel have noted that they intend to file motions raising various constitutional challenges in this case, including those based on the First Amendment. Based on these defendants' own assessments of the case, it is fair to conclude that the case involves novel issues of law and fact. Upon information and belief, it is estimated that approximately 300 congregants and church staff were present at Cities Church and witnessed the events at issue, and approximately 40 individuals were participants in the charged conspiracy.

Moreover, the Government submits that this case involves a large volume of discovery. The Government estimates that discovery will include approximately 2,000 pages of reports and various other documents, plus multiple videos of the incident, BWC videos of St. Paul PD interviews of some church members/victims, photographs, and data from cellphones and social media. The process of reviewing and producing some discovery materials (*e.g.*, data found in seized cellphones) also will be prolonged by the Government's use

of a "filter team" to conduct initial reviews and privilege screens of seized data to ensure that defendants' rights are adequately protected. Additional discovery materials are still being received. Accordingly, the Government will need additional time — certainly more than seven-days — to process the discovery (*e.g.*, redact, number-stamp, index the discovery, etc.) and provide fulsome and orderly disclosures to defendants.

Under the Court's just-issued scheduling order, defendants will have a limited opportunity to meaningfully review materials produced by the Government before filing motions and preparing for trial. The parties would be unable to intelligently accomplish the goals set forth in Local Rule 12.1 and do so within that rule's standard timeframe, especially the directives to "confer with the responding party" and to "attempt in good faith to clarify and narrow the issues in dispute" before submitting any pretrial motions.

Therefore, given the volume, complexity, and scope of the investigative materials; the large number of defendants and witnesses/victims; and the novel legal and factual issues that certain defendants and their counsel have said they plan to raise, the Government asks the Court to designate this case as complex and believes that a continuance of at least 90 days is warranted and otherwise reasonable.

B.   **Motion for Extension of Deadline for Government to Produce Rule 16 Discovery**

For the reasons set forth above, the Government submits that discovery in this case is voluminous and complex and hereby requests a 30-day extension of the seven-day deadline set forth in Local Rule 12.1.

As noted above, the Government estimates that the discovery will include approximately 2,000 pages of reports and various other documents, plus multiple videos of the incident, BWC videos of St. Paul PD interviews of some church members/victims, photographs, and data from cellphones and social media.  The process of reviewing and producing some discovery materials (*e.g.*, data found in seized cellphones) has been and will be prolonged by the Government's use of a "filter team" to conduct initial reviews and privilege screens of certain seized data.  Additional discovery materials are still being received.

To make discovery organized, manageable, and easier for defense counsel to use, the Government is using the Everlaw program to organize and produce discovery.  Everlaw is a case management system that the Department of Justice uses in complex cases.  When discovery is loaded into Everlaw, Support Staff must individually apply redactions as needed, tag and organize discovery by type, and otherwise ensure that disclosures meet the government's obligations while protecting the safety and privacy concerns of the Victims and the privacy concerns of the defendants as to some matters.

The U.S. Attorney's Office for the District of Minnesota (USAO) is taking steps to ensure that the Everlaw project is as helpful to defense counsel as reasonably possible, and that the dangers of harm to the safety and privacy of defendants and to third parties are minimized.  These steps typically include the following, if the USAO is allowed the time to do it:

- The USAO organizes, numbers, and indexes all materials, including categorizing and linking materials.
- The USAO also makes .pdf documents searchable by the Optical Character Recognition (OCR) program.
- The USAO carefully reviews each document to ensure that necessary redactions are made, including sensitive personal identifiable information (especially as to Victims, but for the benefit of defendants, too).
- The USAO carefully reviews each document to ensure that information containing private materials that should only go to a particular defendant (such as National Crime Information Center (NCIC) criminal histories, private medical and family information, and statements evidencing cooperation with the Government) are not inadvertently widely disseminated.

To expedite the preparation of discovery, the primary investigating agency in this case has devoted agents to assist USAO staff with redacting the

documentary discovery.  The preparation of discovery materials in an organized and useful manner is of benefit to all defense counsel as well as protective of the interests of third-parties, but it takes time.

Accordingly, regardless whether the Government will need additional time — certainly more than seven-days — to process the discovery (*e.g.*, redact, number-stamp, index the discovery, etc.) and provide fulsome and orderly disclosures to defendants.

### **MEET & CONFER EFFORTS**

Earlier today, counsel for the Government sent an e-mail to counsel for each defendant advising them of the Government's intent to file this motion. The Government advised that it would seek a complex designation for a 120-day period, longer than what is requested herein.  Counsel for all defendants object to having this case designated as complex.  In light of those objections, the Government is hereby asking for a complex designation for a reduced period of time — namely, 90 days.

As to the discovery extension, some defense counsel indicated they were amenable to a modest extension of the Government's disclosure deadline, *e.g.*, three weeks or having a conversation about an extension.  Others expressed opposition to the extension of any dates.

Counsel for one defendant has asked that the Court allow defendants time to file opposition to this motion, noting that 2-3 days would be sufficient. Counsel for another defendant has proposed a response period of no more than

five days for filing of briefs in opposition to this motion. The Government has no objection to the 5-day deadline for the filing of any response to this motion, but the Government should be granted five court days' notice to produce its discovery in the event the Court denies this motion.

## **CONCLUSION**

Based on the foregoing, the Government respectfully requests that the Court (1) designate this matter as complex and designate excludable time under the Speedy Trial Act for the 90-day period from February 17, 2026 to May 18, 2026 from any computation of time under the Speedy Trial Act; and (2) extend by at least 90 days all due dates in the Court's scheduling order, including the filing of pre-trial motions and responses thereto, and to extend by 30 days the deadline for the Government's initial disclosure of Rule 16 discovery materials.

If the Court denies the motion for a complex case designation, the Government nonetheless asks, in the alternative, for an order that extends the deadline for the Government's initial production of Rule 16 discovery for a period

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

of 30 days, with an extra 30-day period for discovery materials that are not yet possessed by, or accessible to, the Government.

| | |
|---|---|
| DATED: February 17, 2026. | Respectfully submitted, |
| DANIEL N. ROSEN<br>United States Attorney | HARMEET K. DHILLON<br>Assistant Attorney General |
| FLAVIO DE ABREU<br>Special Assistant United States Attorney | ROBERT J. KEENAN<br>Acting Dep. Asst. Attorney General |
| | ORLANDO B. SONZA<br>Counsel |
| | GRETA GIESEKE<br>JOSHUA R. ZUCKERMAN<br>Attorneys |
| | _/s/ Robert J. Keenan_<br>ROBERT J. KEENAN<br>  Civil Rights Division<br>  U.S. Department of Justice<br>  950 Pennsylvania Ave. NW<br>  Washington, DC 20530<br>  Telephone: (202) 305-2566<br>  E-Mail:  robert.keenan@usdoj.gov |
| | Attorneys for Plaintiff<br>UNITED STATES OF AMERICA |