IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        *Plaintiff*,<br><br>v.<br><br>NEKIMA VALDEZ LEVY ARMSTRONG, *et al.*,<br><br>        *Defendant*. | Case No. 0:26-cr-00025-LMP-DLM<br><br>**DEFENDANTS' OPPOSITION TO GOVERNMENT'S MOTION FOR COMPLEX CASE DESIGNATION AND NINETY-DAY SPEEDY TRIAL EXCLUSION** |

## INTRODUCTION

The Government seeks a ninety-day exclusion under the Speedy Trial Act on the ground that this case is "so unusual or so complex" within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii). That designation is reserved for prosecutions so unusual or so complex that it is unreasonable to expect adequate preparation within the Act's seventy-day framework. The Government bears the burden of making a specific, case-based showing that compliance with the Act would be unreasonable. On this record, it has not.

The indictment arises from a single incident lasting approximately one hour at one location. It alleges no multi-year scheme, no enterprise spanning jurisdictions, no extraordinary evidentiary scope, and no indication that preparation within the Act's timeframe would be impracticable. The Government estimates roughly 2,000 pages of reports along with video and digital materials. Multiple defendants, electronic discovery, and anticipated motion practice are common features of federal criminal litigation. Without more, they do not make compliance with the Act unreasonable.

1

The motion also seeks a blanket ninety-day exclusion untethered to any identified necessity. It does not tie that period to a discrete production deadline, trial-management constraint, or other concrete obstacle. The Speedy Trial Act requires particularized findings and relief calibrated to demonstrated need. Because the Government has not shown that this prosecution meets the demanding standard set forth in § 3161(h)(7)(B)(ii), the motion should be denied. If some limited adjustment is warranted, it should be confined to a specific purpose and limited to the minimum time necessary.

## PROCEDURAL AND FACTUAL HISTORY

On January 29, 2026, a grand jury returned an Indictment charging nine defendants with conspiracy under 18 U.S.C. § 241 and violations of 18 U.S.C. § 248(a)(2). Doc.39. The final arraignments occurred on February 17, 2026. Doc. 131 at 3. On February 17, 2026, the Court issued a scheduling order setting deadlines for Rule 16 disclosures, motion practice, and trial. Doc. 130. The Government's initial production is due February 24, 2026. *Id.*

The Government represents that discovery will include approximately 2,000 pages of reports and related materials, along with video and data extracted from electronic devices and social media accounts. Doc. 131 at 4–6. It states that certain seized materials are undergoing filter-team review, that additional materials are still being received, and that the case presents multiple defendants and anticipated constitutional motions. *Id.*

The Government now moves to designate the case as complex and to exclude ninety days from the Speedy Trial calculation, or alternatively to extend its discovery deadline. *Id.* at 1, 9–10.

## LEGAL STANDARD

The Speedy Trial Act requires that a defendant be brought to trial within seventy days of indictment or initial appearance, subject to limited statutory exclusions. 18 U.S.C. § 3161(c)(1). One such exclusion permits a district court to exclude time only if it finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

A case may be designated as complex under § 3161(h)(7)(B)(ii) only where it is "so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation" within the Act's time limits. *See United States v. Grady*, 88 F.4th 1246, 1255–56 (8th Cir. 2023).

The Speedy Trial Act does not permit blanket or conclusory continuances. A court may exclude time under the ends-of-justice provision only if it makes on-the-record findings that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). That balancing must be contemporaneous and case-specific. In *Zedner v. United States*, the Supreme Court held that the Act requires express findings placed on the record at the time the continuance is granted and does not permit after-the-fact rationalizations. 547 U.S. 489, 506–07 (2006). The findings must demonstrate necessity, not convenience.

The Eighth Circuit likewise requires reasoning tied to the statutory factors in § 3161(h)(7)(B). *See Grady*, 88 F.4th at 1255–56. Boilerplate references to "complexity" or "volume of discovery" are insufficient. The record must demonstrate why it is

unreasonable to expect adequate preparation within the Act's time limits. § 3161(h)(7)(B)(ii).

Any ends-of-justice continuance must be supported by particularized findings explaining why compliance with the Act's ordinary time limits would be unreasonable, and any exclusion must be limited to the period necessary to address the identified need.

## ARGUMENT

### I. THE GOVERNMENT HAS NOT SHOWN THAT THIS CASE IS "SO UNUSUAL OR SO COMPLEX"

#### A. The Government Fails to Articulate Particularized Reasons Why Compliance With the Time Limits Would be Unreasonable.

First, the Government notes that nine defendants have been charged and that additional defendants "could" be added because the investigation remains active. Speculation about possible future charges cannot justify suspending the Speedy Trial clock in the present case. Section 3161(h)(7) requires assessment based on existing circumstances, not hypothetical developments. An ongoing investigation into other individuals does not render the current indictment "so unusual or so complex" that preparation within seventy days would be unreasonable.

Second, the Government suggests that additional time is necessary for defendants to review discovery. That contention cannot support an ends-of-justice exclusion where every defendant has expressly objected to delay. The Act requires balancing actual interests, not hypothetical ones. When all accused demand adherence to the statutory timeline, the Government may not manufacture "complexity" by asserting that additional preparation time would be beneficial. The statute does not permit suspension of the Speedy

4

Trial clock based on a paternalistic assessment of defense needs that the defense itself rejects.

Third, the Government argues that anticipated constitutional motions contribute to complexity. The statute already accounts for motion practice. Time resulting from the filing and disposition of pretrial motions is automatically excluded under 18 U.S.C. § 3161(h)(1)(D). *See Henderson v. United States*, 476 U.S. 321, 330 (1986). The prospect of constitutional challenges does not transform a case into one "so unusual or so complex" that compliance with the seventy-day period would be unreasonable. The motion identifies no unsettled legal question and no explanation why anticipated motions would require preparation beyond the ordinary course of federal criminal litigation.

Fourth, the Government estimates approximately 2,000 pages of reports and digital materials. It does not explain why that volume exceeds the norm in multi-defendant federal prosecutions, how long trial is expected to last, or why preparation within seventy days would be infeasible. The statute demands more than a reference to document volume. *See United States v. Pikus*, 39 F.4th 39, 53 (2d Cir. 2022) ("While we doubt that a case can be designated as "complex" solely because it involves a lot of documents, what is obvious is that any such supposed complexity cannot support a three-and-a-half year delay under the Speedy Trial Act when the cause of most of the delay is the Government's refusal to produce most of the documents."). In *Pikus*, the court cited as examples of appropriately designated complex cases an 86-count retrial, a RICO prosecution involving a major organized crime family, and an eight-defendant, 470-count indictment requiring proof of

more than 2,500 separate offenses and resulting in a three-month trial. *Id*. The Government identifies no comparable circumstance here.

Finally, the Government requests a fixed ninety-day exclusion without tying that period to any identified necessity. The motion does not explain why ninety days, rather than an additional week that the Government was seeking at the arraignment hearing held for five of the Defendants on February 13, 2026. The absence of any reasoned explanation for the duration requested underscores the lack of the required statutory showing.

On this record, the Government has not demonstrated particularized rationale why the Act's timeframe would be unreasonable. Its request for a blanket ninety-day exclusion should be denied.

### B. The Case Is Not "So Unusual or So Complex" as Required by § 3161(h)(7)(B)(ii).

Section 3161(h)(7)(B)(ii) permits exclusion only where a case is "so unusual or so complex… that it is unreasonable to expect adequate preparation" within the Act's time limits. The statute does not authorize exclusions for cases that are merely multi-defendant, document-heavy, or logistically demanding. It requires a concrete showing that preparation within seventy days would be unreasonable. The Government has not made that showing.

The Government asserts that this case presents novel issues of law and fact, yet identifies no genuinely unsettled legal question that would justify departure from the Act's framework. The invocation of 18 U.S.C. § 241 and the FACE Act in a new factual setting does not, by itself, create statutory complexity. Courts routinely apply longstanding statutes to new factual circumstances within ordinary Speedy Trial deadlines. A disputed question

6

of interpretation does not transform a prosecution into one "so unusual or so complex" that compliance with the seventy-day period becomes unreasonable.

Courts reserve complex designations for extraordinary prosecutions—such as sprawling RICO enterprises, multi-year wiretap conspiracies, terrorism matters involving classified information, or massive financial fraud cases involving millions of pages of discovery. *See*, e.g., *Pikus*, 39 F.4th at 53; *United States v. Gambino*, 59 F.3d 353 (2d Cir. 1995); *United States v. Skilling*, 561 U.S. 358 (2010); *United States v. Franklin*, 148 F.3d 451 (5th Cir. 1998). Nothing of that magnitude is present here.

This prosecution arises from a single, limited-duration incident at a single location. It does not involve a multi-year enterprise, classified discovery, international investigation, or extraordinary evidentiary scope. The Government identifies no novel legal question and no concrete impediment that would make preparation within seventy days unreasonable.

Even if some modest scheduling adjustment were appropriate, a ninety-day blanket exclusion untethered to any demonstrated necessity exceeds what § 3161(h)(7) permits.

### C. Administrative Discovery Logistics Do Not Constitute Statutory Complexity.

The Government devotes substantial attention to the mechanics of its discovery process, including its use of Everlaw, document indexing and tagging, Optical Character Recognition, redactions, and privilege review by a filter team. Those descriptions address how discovery is managed. They do not describe features that render the charged case itself "so unusual or so complex" within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii).

The statute asks whether it is unreasonable to expect adequate preparation within the Act's time limits. § 3161(h)(7)(B)(ii). That inquiry turns on the nature of the

7

prosecution as charged, not on the technological tools used to organize evidence. Electronic hosting platforms, searchable productions, redaction workflows, and privilege screening are standard components of modern federal criminal practice. They are not indicators of exceptional complexity.

In contemporary litigation, cases involving digital evidence routinely require electronic hosting, document tagging, OCR processing, redaction, and privilege review. If those ordinary processes alone justified complex designation, the exception would become the rule. Section 3161(h)(7) was enacted to address genuinely atypical prosecutions—not the routine realities of electronic discovery. *See United States v. Pikus*, 39 F.4th 39, 53 (2d Cir. 2022) (questioning whether document volume alone can justify a "complex" designation).

Here, the Government explains that it is organizing materials within Everlaw, reviewing documents for redactions, and conducting filter-team review of seized data. It does not explain how those routine discovery-management steps make preparation within seventy days unreasonable. Nor does it identify any specific technical obstacle that cannot be addressed through staged production or targeted scheduling adjustments.

The Government also notes that additional discovery is still being received. Rolling production and ongoing investigation are common features of federal prosecutions. The motion does not quantify the anticipated additional materials or demonstrate that trial preparation would be impracticable absent a ninety-day exclusion.

The Speedy Trial Act permits exclusion only when the case itself is "so unusual or so complex" that adherence to the statutory timeline would be unreasonable. The record

reflects ordinary electronic discovery practice—not extraordinary complexity.

### D. The Government Seeks an Overbroad Blanket Exclusion Untethered to Actual Necessity.

The Government does not explain why ninety days is required. The motion identifies no discrete task that will take three months to complete, no anticipated trial-management constraint, and no evidentiary review process that cannot be accommodated within a shorter adjustment. Instead, it seeks exclusion of the entire period from February 17 through May 18 without tying that span to any specific necessity.

The Government's alternative request underscores the absence of necessity. If the Court declines to designate the case as complex, the Government asks only for a thirty-day extension of its Rule 16 disclosure deadline. If a thirty-day extension would address its immediate logistical needs, then a ninety-day exclusion of Speedy Trial time cannot be "necessary" within the meaning of § 3161(h)(7)(A). The statute requires necessity, not preference.

Section 3161(h)(7)(B)(ii) permits exclusion only where compliance with the seventy-day framework would be unreasonable. The Government does not contend that preparation within that period is impracticable. It asserts only that additional time would be useful. That is not the statutory standard.

If some limited scheduling adjustment is warranted, any exclusion should be narrowly tailored to the specific task requiring additional time and confined to the minimum period necessary. A blanket ninety-day designation of "complexity" is neither supported by this record nor consistent with § 3161(h)(7).

9

## II. THE PUBLIC AND DEFENDANTS RETAIN A STRONG INTEREST IN PROMPT RESOLUTION

The Speedy Trial Act protects not only defendants but also the public's independent interest in the prompt administration of criminal justice. Section 3161(h)(7)(A) permits exclusion of time only where "the ends of justice served" outweigh "the best interest of the public and the defendant in a speedy trial." As the Supreme Court has explained, the Act was enacted to vindicate both interests. *Zedner*, 547 U.S. at 501.

This prosecution arises from a public demonstration and implicates core First Amendment principles. It concerns the lawful boundaries of expressive conduct and federal enforcement authority. Those are serious constitutional questions. Their seriousness heightens—rather than diminishes—the need for prompt judicial resolution.

This case has attracted attention precisely because it sits at the intersection of protest, federal enforcement authority, and constitutional rights. The public has a substantial interest in knowing, without prolonged uncertainty, whether the charged conduct falls within federal criminal law. In that context, extended delay risks prolonging the practical effects of pending charges. The Speedy Trial Act does not contemplate that outcome. It presumes that criminal allegations, particularly those involving expressive activity, should be resolved expeditiously unless truly exceptional circumstances require otherwise.

A blanket complexity designation would postpone resolution of issues that are significant but not unusually intricate. The Act demands more than visibility or controversy to justify suspending its protections. It requires demonstrated necessity. That showing has not been made.

10

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny the Government's motion to designate this matter as complex and to exclude ninety days under the Speedy Trial Act. The Government has not demonstrated that preparation within the Act's seventy-day framework would be unreasonable; it has shown only that additional time would be useful. The statute requires necessity, not convenience.

If the Court determines that limited additional time for discovery production is warranted, Defendant respectfully requests that any extension be narrowly tailored to a specific and demonstrated need and confined to the minimum period reasonably required, rather than a blanket exclusion of Speedy Trial time or continuance of all pretrial deadlines.

Respectfully submitted,

Date: February 19, 2026   By: */s/ Sarah R. Gad*
Sarah R. Gad, ID 0403328
Attorney | Founding Partner
Gad & Gad Law Offices LLP
8 E 25th Street
Minneapolis, MN 55404
Telephone: (612) 412-1710
Email: sarah@gadlawoffice.com

**Attorney for Ian Davis Austin**

Date: February 19, 2026   *s/ Jordan S. Kushner*
Jordan S. Kushner, ID 219307
431 South 7th Street, Suite 2446
Minneapolis, Minnesota 55415
Telephone: (612) 288-0545
Email: jskushner@gmail.com

**Attorney for Nekima Levy Armstrong**

Date: February 19, 2026        *s/ Jill A. Brisbois*

Jill A. Brisbois, ID 0345477
The JAB Firm
150 South 5th Street, Suite 1850
Minneapolis, MN 55402
Telephone: (651) 209-7797
Email: jill@thejabfirm.com

**Attorney for Chauntyll Louisa Allen**

Date: February 19, 2026        *s/ James S. Becker*

James S. Becker, ID 0388222
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Telephone: (612) 664-5858
Email: james_becker@fd.org

**Attorney for William Scott Kelly**

Date: February 19, 2026        *s/ A. L. Brown*

A. L. Brown, ID 331909
Jennifer Congdon, ID 0391048
CAPITOL CITY LAW GROUP, LLC
287 East Sixth Street, Suite 20
Saint Paul, Minnesota 55101
Telephone: (651) 705-8580
Email: a.l.brown@cclawg.com
Email: jennifer@cclawg.com

**Attorneys for Jamael Lydell Lundy**

Date: February 19, 2026        *s/ Robert D. Richman*

Robert D. Richman, ID 226142
LAW OFFICES OF ROBERT D. RICHMAN, LLC
P.O. Box 16643
St. Louis Park, MN  55416
Telephone: (651) 278-4987
Email: robert@rdrichmanlaw.com

**Attorney for Trahern Jeen Crews**

Date: February 19, 2026        *s/ Andrew S. Birrell*

Andrew S. Birrell, ID 133760
Ian Birrell, ID 0396379
Birrell Law Firm, PLLC
333 South 7th St., Ste. 2350,
Minneapolis, MN 55123
Telephone: (612) 238-1939
Email: andy@birrell.law
Email: ian@birrell.law

**Attorneys for Jerome Deangelo Richardson**