UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>NEKIMA VALDEZ LEVY<br>ARMSTRONG, *et al.*,<br><br>                Defendants. | No. 0:26-cr-00025-LMP-DLM<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT ARMSTRONG'S MOTION TO STRIKE/MODIFY CONDITIONS OF RELEASE |

Defendant Nekima Valdez Levy Armstrong ("Defendant") moved to strike or vacate various standard conditions of release (Dkt. 69), and the assigned U.S. Magistrate Judge denied her motion (Dkt. 101). Defendant now seeks reconsideration. (Dkt. 132.) For the reasons set forth herein, the Court should deny the motion.

## STATEMENT OF FACTS

On January 20, 2026, the Government obtained a complaint and arrest warrant against Defendant for a violation of 18 U.S.C. § 241 (Conspiracy Against Rights). On January 22, 2026, Defendant made her initial appearance. (Dkt. 9, 11.) The Court determined that pre-trial release was appropriate and imposed the following "additional conditions of [pre-trial] release" pursuant to 18 U.S.C. § 3142(c)(1)(B):

- Condition 7(a): Defendant must "submit to supervision by and report for supervision to the U.S. Probation and

> Pretrial Service Office as directed and ensure [her] supervising officer has a means to reach [her]."

- Condition 7(f): Defendant's "[t]ravel shall be restricted to Minnesota unless approved by the supervising officer."

- Condition 7(g): Defendant must "avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution," as stated on a Government-provided list.

- Condition 7(k): Defendant may "not possess a firearm, destructive device, or other weapon."

- Condition 7(s): Defendant must "report within 72 hours to the pretrial services office or supervising officer every contact with law enforcement personnel, including arrests, questioning, or traffic stops."

(Dkt. 12 at 2-4.) The Court also imposed Condition 7(u), which requires Defendant to "stay away from the church location identified in the Complaint Affidavit [Cities Church]. 'Stay away' means no closer than the public sidewalk nearest to the location of the Church.'" (*Id.* at 4.)

Upon the Government's application for review of the release order (Dkt. 17), the Court denied the Government's motion on January 23, 2026, but imposed two additional conditions of release:

2

- Condition 7(d): Defendant must "surrender any passport, Visa, Advanced Parole Document, Refugee Travel Permit/Reentry Document, or other foreign travel document."

- Condition 7(e): Defendant must "not obtain a passport, Visa, Advanced Parole Document, Refugee Travel Permit/Reentry Document, or other foreign travel document."

(Dkt. 22 at 9.)

On January 29, 2026, a grand jury indicted Defendant and eight other defendants for violations of 18 U.S.C. §§ 241 (Conspiracy Against Rights) and 248(a)(2) (Interference with Free Exercise of Religion at Place of Worship). (Dkt. 39.)

On February 1, 2026, Defendant filed a motion to vacate the foregoing conditions, except the "stay away" order identified as Condition 7(u). (Dkt. 69.) The assigned U.S. Magistrate Judge denied that motion. (Dkt. 101.)

## STANDARD OF REVIEW

"A district court reviews a magistrate judge's order for release or detention de novo." *United States v. Lash*, 2025 WL 3551819, at *1 (D. Minn. Dec. 1, 2025).

## ARGUMENT

The challenged release conditions are proper and should not be vacated or modified (except as to Condition 7(k)'s firearm restriction) because they are the "least restrictive" conditions that "will reasonably assure [Defendant's] appearance … and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B).

### A. The Magistrate Judge Did Not Clearly Err in Entering a Text-Only Order

Defendant argues that the Magistrate Judge's order is "clearly erroneous because … it was a text-only one line Order." (Mot. 1.) The argument lacks merit.

When issuing a release order, a court must "include a written statement that sets forth all the conditions to which the release is subject." 18 U.S.C. § 3142(h). The district court did just that. Nothing more was required when the Court denied Defendant's motion for modification of the release conditions. *Cf. United States v. Mosby*, 719 F.3d 925, 931 (8th Cir. 2013) (holding that district courts are not required to explain reasoning in denying motions to modify supervised release under 18 U.S.C. § 3583). Indeed, while Section 3142(i) requires courts to "include written findings of fact and a written statement of the reasons" for issuing a *detention* order, Section 3142(h) notably contains no corresponding requirement for a *release* order. "The different language" in subsections (h) and (i) "shows that they have different meanings." *Iowa v.*

*Wright*, 154 F.4th 918, 944 (8th Cir. 2025) (applying meaningful-variation canon of statutory interpretation).

## B.     The Conditions of Release Are Not Unduly Restrictive

Conditions 7(a), (d), and (e) facilitate effective supervision of Defendant by the Probation and Pretrial Service Office and restrict her ability to leave Minnesota.[1] Condition 7(a) requires Defendant to ensure that the Probation and Pretrial Service Office ("Probation") can supervise and contact her. This condition is common and necessary to effectuate the remaining conditions. Conditions 7(d) and (e) prevent Defendant from fleeing the country. Because Defendant does not identify any concrete travel plans or any reason she may need to leave the country, these conditions do not impose an unduly restrictive burden on her.

Condition 7(f) prohibits Defendant from leaving Minnesota without the approval of her supervising officer. Significantly, it is not a flat ban on travel. If Defendant truly has compelling "business and community activism" reasons to leave Minnesota (Mot. 4), then her supervising officer can approve travel and any necessary monitoring conditions. If she believes Probation unreasonably has denied travel authorization in any given instance, Defendant can ask the Court for reconsideration.

---

[1] Defendant does not explicitly mention these conditions in her motion, but she did challenge them in her original motion, which she incorporates by reference. (Mot. 1.)

Conditions 7(g) and (s) prevent Defendant from endangering specific individuals or the public.[2] Condition 7(g) prohibits Defendant from contacting victims or potential witnesses in this case. It furthers the Court's "duty to protect its processes and to protect prospective witnesses," *United States v. Smith*, 444 F.2d 61, 62 (8th Cir. 1971), by prophylactically barring all communications between Defendant and witnesses to or victims of her alleged crimes. Condition 7(s) requires Defendant to contact Probation within 72 hours of any interactions with law enforcement. There is nothing "onerous" about this. (Mot. 2.) It simply guarantees that the Probation is promptly advised of any such encounters to ensure Defendant's compliance with other standard conditions (*e.g.*, that Defendant not commit any local, state, or federal offense).

### C.  Defendant's Counterarguments Are Unavailing

Defendant argues that the Court lacks a "rational basis" for subjecting her to supervised release while releasing five of her codefendants (Jamael Lundy, Trahern Crews, Georgia Fort, Don Lemon, and Jerome Richardson) without conditions. (Mot. 2.) There plainly is a rational basis because Defendant had an aggravated role in the offense. The affidavit in support of the complaint against Defendant alleges that she was the "apparent organizer" and "leader" of the attack on Cities Church and that she gave instructions to the other agitators.

---

[2] Defendant also does not explicitly mention these conditions in her pending motion, but she did challenge them in her incorporated original motion.

(Dkt. 23-1 at ¶¶ 9, 14, 18.) The Indictment similarly alleges that Defendant "organized the operation targeting the Church" and "provided instruction" to her codefendants on how the operation would be conducted." (Dkt. 39, ¶ 7.) Because she personally organized and led the attack on Cities Church, Defendant presents a higher risk profile regarding potential danger to the community than the above-named co-defendants. (*Id.*)

Defendant claims that it is a "constitutional affront to label her as dangerous for exercising her First Amendment rights." (Mot. 3.) But there is no First Amendment right to enter a church uninvited, disrupt religious services, and refuse to leave after being asked to do so. *See Manhattan Community Access Corp. v. Halleck*, 587 U.S. 802, 813 (2019) (holding that private property owners need not "allow[] all comers"); *Cloer v. Gynecology Clinic, Inc.*, 528 U.S. 1099 (2000) (Scalia, J., dissenting from denial of cert.) ("The First Amendment is not a license for lawlessness, and when abortion protesters engage in such acts as trespassing upon private property and deliberately obstructing access to clinics, they are accountable to the law.").

### D.   The Government Does Not Oppose Modifying Condition 7(k)

Defendant correctly represents that the Government does not oppose modifying Condition 7(k), which prevents her from possessing a firearm. Defendant states that while she "has no intention of possessing a firearm," her husband owns firearms, and "Probation has informed her husband that he

cannot have guns in his home in order for [Defendant] to comply with the current conditions of release." (Mot. 4-5.) The Government is mindful and respectful of Defendant's separate and important Second Amendment rights. For that reason, the Government does not oppose an order modifying Condition 7(k) to prohibit Defendant from possessing, carrying, transporting, using, or otherwise handling a firearm outside of the residence she shares with her husband. A further sentence can be added to make clear that the condition does not apply to or limit the conduct of Defendant's husband.

| | |
|---|---|
| DATED: February 20, 2026. | Respectfully submitted, |
| DANIEL N. ROSEN<br>United States Attorney | HARMEET K. DHILLON<br>Assistant Attorney General |
| FLAVIO DE ABREU<br>Special Assistant United States Attorney | ROBERT J. KEENAN<br>Acting Dep. Asst. Attorney General |
| | ORLANDO B. SONZA<br>Counsel |
| | GRETA GIESEKE<br>JOSHUA R. ZUCKERMAN<br>Attorneys |
| | */s/ Joshua R. Zuckerman*<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Ave. NW<br>Washington, DC 20530<br>Telephone: (202) 305-2566<br>E-Mail: joshua.zuckerman@usdoj.gov |
| | Attorneys for Plaintiff<br>UNITED STATES OF AMERICA |