UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal Case No. 26-25 (4)(8) (LMP/DLM)

| | |
|---|---|
| United States of America<br><br>Plaintiff,<br><br>v.<br><br>Don Renaldo Lemon (4), and Georgia Ellyse Fort (8),<br><br>Defendants. | **GEORGIA FORT AND DON LEMON'S JOINT RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION FOR COMPLEX CASE DESIGNATION** |

## INTRODUCTION

The hallmark of the short life of this case has been the Government's unprecedented and unabated rush to charge. The reason for this rush is no secret. The highest authorities in the Administration demanded to see Ms. Fort and Mr. Lemon in handcuffs.[1] The Government was then undeterred by not one but two judges explaining that no probable cause existed to charge these journalists. The Government twisted itself into procedurally novel knots in seeking a complaint. When this effort failed, the Government sought and obtained an indictment from the grand jury. The Government then rejected offers by the defendants to self-surrender. At every turn, the Government sought to condemn Ms. Fort and Mr. Lemon in the court of public opinion. The Government never once paused in its extraordinary efforts to arrest Ms. Fort and Mr. Lemon on federal charges.

---

[1] On January 30, 2026, the official White House X account posted a photo of Mr. Lemon with the commentary "When life gives you lemons . . . " *See* @WhiteHouse, X (Jan. 30, 2026, 9:50 AM), https://x.com/WhiteHouse/status/2017248964878143741 (7.1 million views currently). The commentary was accompanied by small chains emojis.

1

Having achieved its goal, the Government now asks the Court to slow things down. The same Government that tried to charge two professional journalists in two days now seeks four months to review, organize, and produce the evidence upon which those charges were supposedly based. This is unwarranted and unfair.

Ms. Fort and Mr. Lemon are eager to clear their names. As all participants in this system know, the weight of a pending federal indictment is heavy—especially here, where the indictment has been politicized at the highest levels. There are collateral consequences, including stress on the defendants and their families. These consequences are compounded by the Government's ongoing efforts to criticize Ms. Fort and Mr. Lemon publicly and try their case on social media. Here, the pending federal charges also chill First Amendment speech—that of Ms. Fort and Mr. Lemon, as well as of the broader journalistic community. Perhaps this is a feature and not a problem for those who demanded the charges be levied. In any event, these charges are uniquely weighty. Ms. Fort and Mr. Lemon seek to move this case forward expeditiously because they believe the caselaw will support the dismissal of the charges (as has occurred in other cases that have been rushed, politicized, and brought by this Administration).

The Government seeks to designate this case as "complex." This case is not complex within any precedential meaning of the law or the norms of the District of Minnesota. The volume of discovery previewed by the Government—2,000 pages of discovery, video footage that is largely public, and phone downloads—is typical for run-of-the mill cases in this District. That said, the designation itself is less important to Ms. Fort and Mr. Lemon than the resulting delay. Indeed, during the parties' meet-and-

confer, they offered the Government an additional three weeks to produce discovery, recognizing that, with nine defendants, some scheduling flexibility may be warranted. While these discussions were initially productive, the Government now seeks an unreasonable and protracted three-month extension of its discovery obligations as well as a delay to the motions schedule. To that request, the parties object. The complex case designation, if used, should be sized to fit this case; it should not be used to delay or to help the Government get its ducks in a row after a politically motivated rush to judgment.

Twenty-one days is more than enough time for the Government to complete discovery, which should be done on a rolling basis starting on February 24, 2026, so the parties can move this case forward. Ms. Fort and Mr. Lemon do not object to such an extension. But the Court should deny the Government's motion to designate this case as complex, exclude 90 days from the speedy trial clock, or allow further delay and gamesmanship.[2]

## **PROCEDURAL HISTORY**

The Government's need for an extension arises from its initiation of charges in extreme haste before completing any investigation and organizing the evidence in its possession.

---

[2] In agreeing to the modest extension proposed, Ms. Fort and Mr. Lemon are not altering the relief they seek in their pending Joint Motion to Disclose Grand Jury Proceedings. Doc. 125. They respectfully request that the Court set an expedited briefing schedule for the Government to promptly respond to that pending motion, which is not reliant on produced discovery.

Ms. Fort and Mr. Lemon are professional journalists, and have been for decades. On January 18, 2026, in their roles as journalists, they both reported on a protest at Cities Church in St. Paul, Minnesota.

On January 20, 2026, President Trump and senior Department of Justice officials began publicly demanding charges against Mr. Lemon and others. From that point forward, this case has been characterized by an extreme and unprecedented rush by the Government to file charges.

That same day, the Government filed a sealed complaint seeking FACE Act and conspiracy charges against eight individuals, including Ms. Fort and Mr. Lemon. *See* Case No. 26-mj-00040-LMP-DLM, ECF 23 (Jan. 20, 2026). This Court rejected the charges against Ms. Fort and Mr. Lemon, finding that probable cause did not exist.

On January 21, the Government asked that the Chief Judge of this District conduct a rushed review of this Court's no-probable-cause determination. *See In re United States of America*, No. 26-01135, Emergency Pet. for Writ of Mandamus ("Pet.") at 3-4 (8th Cir. Jan. 22, 2026). When the Court indicated it could not meet the Government's demanded expedited timeline, on January 22, the Government filed an Emergency Petition for Writ of Mandamus or Issuance of Arrest Warrants with the U.S. Court of Appeals for the Eighth Circuit and requested a ruling by the next day. *See* Pet. In responding to the Eighth Circuit, Chief Judge Schiltz reiterated that probable cause to charge Ms. Fort and Mr. Lemon did not exist. *Id.*, Second Letter from Chief Judge Schiltz to Circuit Court at 1 (Jan. 23, 2026) ("The government lumps all eight protestors together and says things that are true of some but not all of them. Two of the five protestors were not protestors at all; instead, they were

4

a journalist and his producer.  There is no evidence that those two engaged in any criminal behavior or conspiracy to do so.")  After the Eighth Circuit denied the Emergency Petition, the Government withdrew its request that Chief Judge Schiltz reconsider the previously rejected arrest warrants, *see* Case No. 26-mj-00040-LMP-DLM, ECF 33 (Jan. 26, 2026), and hurriedly presented the case to a grand jury.

On January 29, the grand jury returned a true bill, indicting nine defendants with conspiracy under 18 U.S.C. § 241 and violations of 18 U.S.C. § 248(a)(2).  ECF 39.  On February 17, after the final two defendants were arraigned, the Court issued its scheduling order setting deadlines for Rule 16 disclosures and motion practice.  ECF 130.  The Government's initial production is due February 24.  *Id*.

In its motion, filed on February 17, the Government claims that discovery will amount to approximately 2,000 pages of reports; video footage, much of which is already public; body-worn camera footage from a state law enforcement agency; photographs; and data extracted from electronic devices and social media accounts.  ECF 131 at 4-6.  The Government also claims that the evidence is apparently still being gathered and reviewed, including some by a filter team.  *Id*.  In addition, because this is a multi-defendant case with potential litigation involving constitutional issues, the Government now seeks to designate the case as complex so as to exclude three months from the speedy trial calculation, or alternatively to extend its discovery deadline.  *Id*. at 1, 9-10.

## LEGAL STANDARD

The Speedy Trial Act mandates that defendants be tried within seventy days of indictment or initial appearance, subject to limited statutory exclusions.  18 U.S.C.

5

§ 3161(c)(1). One such exception permits a district court to exclude time if it finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial" and makes on-the-record findings to that effect. 18 U.S.C. § 3161(h)(7)(A).

A case may be designated as complex under Section 3161(h)(7)(B)(ii) only where it is "so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation" within the Act's time limits. *See United States v. Grady*, 88 F.4th 1246, 1255-56 (8th Cir. 2023). However, the Speedy Trial Act requires particularized findings and relief calibrated to demonstrated need for exclusion of time under the Act under Section 3161(h)(7)(B)(ii).

## ARGUMENT

The Government's motion for complex designation is driven by its need for relief from its own prosecutorial choices. But the Speedy Trial Act requires far more than inconvenience to the Government to justify the substantial extensions it requests.

In moving for three more months due to professed complexity, the Government describes routine discovery issues that exist in virtually all criminal cases in this District. ECF 131 at 4-6. In recent years, this District has seen cases of unusually massive scope and evidentiary volume, such as the Feeding Our Future cases or the Highs RICO prosecution, each of which warranted complex case designation by mutual agreement of the litigants. Cases like those involved approximately fifty defendants each, millions of

pages of evidence, and conspiracies of sweeping temporal and geographic scope. This case has none of those characteristics.

Magistrate Judge Wright recently rejected the complex designation in a case charging five defendants with eight counts related to alleged drug trafficking over at least an eight-month period. *See United States v. Alm, et. al.*, No. 25-CR-289-LMP-EMB, ECF 84 (Sept. 2, 2025). The Court characterized the case as "hardly unusual in this District," despite the fact that the Government identified *substantially* more discovery and counts than it has identified here. *Id.* at 2-4. For example, in *Alm*, the Government noted that discovery included:

a. Thousands of pages of various written materials;

b. Records, photographs, and physical evidence from ten related cases investigated by the Paul Bunyan Drug Task Force and other law enforcement agencies;

c. Body-worn camera, squad video, and aerial surveillance video from the cases referenced above;

d. Records, photographs, and body-worn camera from four residential search warrants and three traffic stops prior to August 2025;

e. Audio recordings of jail calls from multiple facilities;

f. Forensic extractions from more than 30 cellphones seized from multiple defendants and corresponding reports;

g. Data from multiple DVRs, which is still being extracted; and

h. Reports, video, photographs, and other evidence resulting from federal arrests of the defendants.

*Id*. at 2. The Court "agree[d] with Defendants that this case is not so unusual or complex as to require a 'complex case' designation." *Id.* at 3.

Comparatively, here, the Government has indicated that discovery will include "approximately 2,000 pages of reports and various other documents, plus multiple videos of the incident, BWC videos of St. Paul PD interviews of some church members/victims, photographs, and data from cellphones and social media," ECF 131 at 4-6, which pales in comparison. In their papers and at Mr. Lemon's arraignment, the Government raised particular concern about the ability to timely produce the "data found in seized cellphones" because of the use of a filter team, *id.* at 4-5, and because technical issues with accessing the data itself. This case involves, at most, the cell phones seized incident to the arrests of the nine defendants, and data from conduct that allegedly occurred over a single day. In *Alm*, the Government was dealing with data from "more than 30 cellphones," and alleged conduct spanning more than eight months. *Alm*, ECF 84 at 2, 4. As a result, the Court in *Alm* granted the Government a 60-day extension. Considering the fact that the Government is contending with only a fraction of the amount of *Alm* discovery, the 21-day extension proposed by Ms. Fort and Mr. Lemon reasonably balances the Government's need to process and produce discovery with Ms. Fort and Mr. Lemon's speedy trial rights.

The Government's request for *months* of additional time falls especially flat given the substantial time and resources it continues to have at its disposal. The Government has already had 31 days to gather, organize, and prepare discovery. *See* Case No. 26-mj-00040-LMP-DLM, ECF 23 (Jan. 20, 2026) (redacted complaint and affidavit filed two days after the church protest). The Justice Department has assigned at least five federal prosecutors to the case, along with all other federal law enforcement resources it has brought to bear. *See, e.g.*, *The DOJ WILL Continue Pushing For Criminal Charges Against Don Lemon,*

8

*Reveals Harmeet Dhillon*, The Megyn Kelly Show (Jan. 23, 2026), https://www.youtube.com/watch?v=4i5xhWd2o2w, at 1:54–2:06 (Assistant Attorney General Dhillon asserting that "[w]e're gonna pursue this to the ends of the earth."). The Government provides no explanation (other than its unpreparedness) why it cannot get its house in order. But the Government cannot manufacture urgency and then invoke its own unreadiness as an excuse for delay.

     As the Government should know, the Department of Justice's own internal policies reinforce that prosecutors are expected to thoroughly assess evidence and discovery obligations *before* charges are brought, as part of the charging decision, not afterward. The Justice Manual's criminal discovery provisions direct prosecutors to fully understand their obligations under Rule 16, *Brady*, *Giglio*, and the Jencks Act and to "consider thoroughly how to meet discovery obligations in each case." These important policies reflect how the Justice Department itself expects prosecutions to be conducted: investigate first, evaluate the evidence, and then determine whether and how to bring charges. There is nothing in the record before the Court that evinces thoughtful deliberation from the Government about this case. To the contrary, the Government's backwards approach of charging first and investigating later underscores the points raised—and the relief sought—in Mr. Lemon and Ms. Fort's Joint Motion to Disclose Grand Jury Proceedings. ECF 125.

     Additionally, a case which challenges a reporter's ability to do her or his job should not linger one day longer than legitimately necessary. The First Amendment is supposed to guarantee the right to speak and to gather and report the news freely, without intrusion or influence by the government. U.S. Const., amend. I; *Branzburg v. Hayes*, 408 U.S. 665,

681-82 (1972) ("without some protection for seeking out the news, freedom of the press could be eviscerated"). The loss of such freedoms, "for even minimal periods of time," has repeatedly been found to constitute such profound, "irreparable [constitutional] injury" as warranting immediate injunctive relief. *See Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion). These harms to Ms. Fort and Mr. Lemon as members of the press—necessarily also felt by the public, who rely on the press for information—would only be exacerbated by granting the Government's motion to designate this case complex and exclude an additional 90 days from the speedy trial clock. It is something that the First Amendment simply will not tolerate.

Finally, the protections of the Speedy Trial Act apply with particular force in this case. A central purpose of the Speedy Trial Act is to ensure defendants receive due process and can vindicate their trial rights promptly. Those interests are especially critical here, given the Administration's continuing and repeated condemnation of Ms. Fort and Mr. Lemon. From the President to the Attorney General and other senior Administration officials, members of the Government have not only publicly declared the journalists' guilt but have openly derided and mocked them in the media. Ms. Fort and Mr. Lemon have a compelling interest in obtaining discovery and defending themselves against these false and highly prejudicial public attacks without delay, so that both their trial rights and their reputations are protected.

Thus, while the Government has failed to show that this is a complex case or that it is entitled to the substantial delay it seeks under the Speedy Trial Act, Ms. Fort and Mr. Lemon do not oppose a reasonable alternative in the form of a 21-day extension for the

10

Government to complete discovery, with production on a rolling basis starting on February 24, 2026. To be clear: there is no reason why the Government cannot begin producing basic discovery well within its present grasp starting on February 24, such as:

- The search warrant filings for all search warrants the Government has acquired;

- The log of grand jury subpoenas that the Government has issued to date (which, in the regular course, would be used as an exhibit before the grand jury);

- The grand jury transcripts of testifying witnesses, especially law enforcement witnesses;

- Police reports, audio and transcripts of 911 calls, and any other records generated by the St. Paul Police Department related to the incident;

- Body-worn camera footage from the St. Paul Police Department;

- Publicly available video footage of the incident; and

- Records received in response to any subpoenas.

## CONCLUSION

For the foregoing reasons, Georgia Fort and Don Lemon respectfully oppose the Government's Motion for Complex Case Designation and instead suggest that the Government receive a 21-day extension in which to produce discovery on a rolling basis starting on February 24, 2026.

Dated: February 20, 2026                                  Respectfully submitted,

By: *s/ Matthew S. Ebert*                                 By: */s/ Abbe David Lowell*
Matthew S. Ebert                                          Abbe David Lowell (*admitted pro hac vice*)
Leita Walker                                              David A. Kolansky (*admitted pro hac vice*)
Isabella Salomão Nascimento                               Isabella M. Oishi (*admitted pro hac vice*)
BALLARD SPAHR LLP                                         LOWELL & ASSOCIATES, PLLC
2000 IDS Center                                           1250 H Street NW, Suite 250

11

80 South 8th Street
Minneapolis, MN 55402
Tel: (612) 371-3281
ebertm@ballardspahr.com
walkerl@ballardspahr.com
salomaonascimentoi@ballardspahr.com

Kevin C. Riach
THE LAW FIRM OF KEVIN C. RIACH, PLLC
125 Main St. SE, Suite 339
Minneapolis, MN 55412
Tel: (612) 203-8555
kevin@riachdefense.com

*Counsel for Georgia Ellyse Fort*

Washington, DC 20005
Tel: 202-964-6110
Fax: 202-964-6116
ALowellpublicoutreach@lowellandassociates.com
DKolansky@lowellandassociates.com
IOishi@lowellandassociates.com

/s/ *Joseph H. Thompson*
Joseph H. Thompson
THOMPSON JACOBS PLLC
400 South Fourth Street, Suite 410
Minneapolis, MN 55416
Tel: (612) 416-3322
joe@thompsonjacobs.com

*Counsel for Don R. Lemon*