UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 26-cr-25 (1) (LMP/DLM) |
| Plaintiff, | |
| v. | **ORDER** |
| NEKIMA LEVY ARMSTRONG, | |
| Defendant. | |

Flavio Silveira DeAbreu, **United States Attorney's Office, Minneapolis, MN**; and Robert Keenan, Orlando Sonza, Greta Gieseke, and Joshua Zuckerman, **United States Department of Justice, Civil Rights Division, Washington, D.C.**, for Plaintiff.

Jordan S. Kushner, **Law Office of Jordan S. Kushner, Minneapolis, MN**, for Defendant Nekima Levy Armstrong.

This matter comes before the Court on Defendant Nekima Levy Armstrong's appeal of Magistrate Judge Douglas L. Micko's decision to deny her motion to modify conditions of relief. ECF No. 132. After a de novo review, the Court will adopt Magistrate Judge Micko's decision as modified.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Levy Armstrong was initially charged by criminal complaint with conspiracy against rights in violation of 18 U.S.C. § 241. ECF No. 1. In brief, the United States alleges that on the morning of Sunday, January 18, 2026, at approximately 10:30 a.m., "a group of approximately 30–40 agitators, working together in a coordinated manner" entered a church in St. Paul during a religious service and engaged in conduct that "disrupted the religious service and intimidated, harassed, oppressed, and terrorized the

parishioners, including young children, and caused the service to be cut short and forced parishioners to flee the church out of a side door, which resulted in one female victim falling and suffering an injury." *Id.* at 2–3. The complaint affidavit identifies Levy Armstrong as the "apparent organizer" and "leader" of the demonstration at the church. ECF No. 1-1 ¶¶ 9, 17. Since that time, Levy Armstrong has been charged by indictment with conspiracy against rights of religious freedom at a place of worship (Count One) as in the original complaint and with a new charge of injuring, intimidating, and interfering with the exercise of rights of religious freedom at a place of worship (Count Two). ECF No. 39.

After Levy Armstrong made her initial appearance, Magistrate Judge Micko ordered Levy Armstrong's release on conditions. ECF No. 12. These conditions include:

- Condition 7(a): Submit to supervision by pretrial services.

- Condition 7(f): Remain within Minnesota unless a supervising officer with pretrial services approves out-of-state travel.

- Condition 7(g): Comply with a no-contact list.

- Condition 7(k): Not possess a firearm, destructive device, or other weapon.

- Condition 7(s): Report any interactions with law enforcement personnel to pretrial services within 72 hours.

*Id.* at 2–4. The United States appealed Magistrate Judge Micko's release order, which this Court affirmed on January 23, 2026. ECF No. 22. In doing so, the Court imposed two additional conditions of release: Condition 7(d), which requires Levy Armstrong to surrender any passport to pretrial services; and Condition 7(e), which prohibits Levy Armstrong from obtaining a passport during the pendency of these proceedings. *Id.* at 9.

All of these conditions were also imposed on Levy Armstrong's co-defendant, Chauntyll Louisa Allen, who was also identified in the complaint affidavit as a "leader" of the demonstration at the church. ECF No. 1-1 ¶ 17; *see* ECF No. 15 at 2, 4; ECF No. 22 at 9.

On February 1, 2026, Levy Armstrong moved to modify her conditions of release to eliminate Conditions 7(a), (d), (e), (f), (g), (k), and (s). ECF No. 69. Levy Armstrong noted that three additional defendants were recently released on their own recognizance without the above conditions, and she argued that "[t]here is no rational basis for treating" her differently from her co-defendants. *Id.* at 1. She asserts that she "regularly travels in connection with her business and community activism, and should not be required to seek permission from probation or the Court for trips to other states or other countries." *Id.* at 2. She also asserts that she is a "responsible and reliable member of the community, and therefore need not be subject to the supervision of a probation officer." *Id.* Finally, she observes that her husband owns firearms for self-defense, but that pretrial services has informed him that "he cannot have guns in his home in order for Ms. Levy Armstrong to comply with the current conditions of release." *Id.* The Government opposed Levy Armstrong's motion but agreed to "an order clarifying that [Levy Armstrong's] husband may retain his guns in compliance with Minnesota law, so long as [Levy Armstrong] does not access, use, carry, transport, or otherwise handle the guns outside of their residence." ECF No. 89 at 8. Magistrate Judge Micko denied Levy Armstrong's motion. ECF No. 101. This appeal follows.

## ANALYSIS

If a defendant is ordered released by a magistrate judge on conditions, the defendant may challenge the imposition of those conditions before the district judge. 18 U.S.C. § 3145(a)(2). In considering such a challenge, this Court must review the record de novo. *See United States v. Maull*, 773 F.2d 1479, 1481–82 (8th Cir. 1985) (en banc). The Bail Reform Act provides that the Court must impose the "least restrictive" conditions that "will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B).

The Court is not persuaded by Levy Armstrong's arguments to eliminate Conditions 7(a), (d), (e), (f), (g), (k), and (s). As an initial matter, Levy Armstrong does not dispute the Government's characterization of her as a "leader" of the demonstration at the St. Paul church. ECF No. 132 at 2–3. Effectively, then, Levy Armstrong concedes that she is not similarly situated to the three additional defendants recently released on their own recognizance. Rather, Levy Armstrong is more similarly situated to Allen, who is also identified in the complaint affidavit as a "leader" of the demonstration and who is subject to the same conditions of release as Levy Armstrong. ECF No. 1-1 ¶ 17; *see* ECF No. 15 at 2, 4; ECF No. 22 at 9. And although Levy Armstrong argues that her status as an alleged "leader" of the demonstration is irrelevant to the safety of the community or risk of flight, *see id.* at 2, courts regularly consider a defendant's alleged leadership role in a crime in considering pretrial release, *see United States v. Chrestman*, 525 F. Supp. 3d 14, 26–28 (D.D.C. 2021); *United States v. Ingram*, 415 F. Supp. 3d 1072, 1080–81 (N.D. Fla. 2019).

Moreover, all of the conditions that Levy Armstrong challenges are standard, relatively non-invasive release conditions imposed on defendants charged with a felony. Indeed, in 2024, the release condition ordered most often in the federal courts "was pretrial services supervision, which was imposed on 87 percent of defendants released." *United States Courts*, Pretrial Services—Judicial Business 2024, available at https://perma.cc/K26B-YMTM. Compliance with a no-contact list also furthers the Court's "duty to protect its processes and to protect prospective witnesses." *United States v. Smith*, 444 F.2d 61, 62 (8th Cir. 1971). And although Levy Armstrong seeks to travel freely for work, ECF No. 132 at 4, "pretrial releasees must suffer certain burdens that ordinary citizens do not, such as the requirement that they 'seek formal permission from the court before travel[ing] outside the jurisdiction.' These requirements are unquestionably related to the government's special need to ensure that the defendant not abscond." *United States v. Scott*, 450 F.3d 863, 872 n.11 (9th Cir. 2006) (citation modified). As the United States points out, too, Levy Armstrong is not prohibited from traveling outside of the state; she simply needs to seek approval from pretrial services or the Court.[1] ECF No. 12 at 2.

The Court therefore affirms Magistrate Judge Micko's denial of Levy Armstrong's motion to eliminate Conditions 7(a), (d), (e), (f), (g), (k), and (s), but with one modification.

---

[1]  Given Levy Armstrong's stated intention to readily comply with the conditions of release, it is this Court's expectation that approval for work-related travel and limited personal travel will be freely given by U.S. Probation and Pretrial Services or by leave of Court.

5

Given that the Government agrees that Condition 7(k) should not be interpreted to restrict Levy Armstrong's husband from possessing firearms, ECF No. 137 at 7–8, the Court modifies Condition 7(k) to clarify that Levy Armstrong's husband may retain his guns in their residence in compliance with Minnesota law, so long as Levy Armstrong does not access, use, carry, transport, or otherwise handle the firearms. If Levy Armstrong demonstrates a pattern of compliance with the remaining conditions of release, she may seek to modify those conditions in the future.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that

1. Levy Armstrong's Appeal/Objection of a Magistrate Judge's Decision (ECF No. 132) is **SUSTAINED IN PART** and **OVERRULED IN PART**; and

2. Magistrate Judge Micko's Order Denying Levy Armstrong's Motion to Modify Conditions of Release (ECF No. 101) is **ADOPTED AS MODIFIED**.

Dated: February 24, 2026        *s/Laura M. Provinzino*
                                                   Laura M. Provinzino
                                                   United States District Judge