**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| ) | |
| Plaintiff,    ) | Case No. 26-cr-025-LMP-DLM |
| ) | |
| v.    ) | **[PROPOSED] PROTECTIVE** |
| ) | **ORDER** |
| NEKIMA VALDEZ LEVY    ) | |
| ARMSTRONG, et al.,    ) | |
| ) | |
| Defendants.    ) | |
| ) | |

This matter comes before the Court on the Government's Motion for a Protective Order.

The United States expressed concerns that some material in discovery may contain highly sensitive information, including personal identifiable information of minors and other individuals not involved in the charged conspiracy. The United States explained that the unrestricted dissemination of this information could adversely affect law-enforcement interests and the privacy interests of nonparties. The United States seeks a protective order that will limit the dissemination of "Protected Material."

Pursuant to the Court's authority under Fed. R. Crim. P. 16(d)(1), the Court finds good cause and issues the following **PROTECTIVE ORDER**:

1. "Protected Material" is defined as information produced by the government in this case which contains the following unredacted personal

identifiers of witnesses or victims. Pending any agreements between parties, this includes, but is not limited to:

    a. Identity of victims and witnesses;

    b. The personal identifying information of any victims or witness including: telephone numbers, social security numbers, residential addresses, workplace names, workplace addresses, school names, school addresses, social media accounts, medical information, dates of birth;

    c. the identity of any minor child.

2.    Protected Material does not include matters of public record, the defendants' own statements, criminal history information, expert reports, and any materials obtained by the defendants through sources other than discovery from the government.

3.    <u>Limitations on Use</u>: This Protective Order is applicable to all defendants in this case. Subject to the limitations contained in this Order, Protected Material may be used by the defendants and their Legal Defense Teams solely in connection with the defense of this case, and any appeal, and for no other purposes, and in connection with no other proceeding, without further order of this Court.

4.    <u>Legal Defense Team</u>: The Legal Defense Team includes the defendant; defense counsel (defined as counsel of record in this case,

including any subsequent post-trial or appellate counsel); attorneys working under the direction and supervision of defense counsel; the defense counsel's immediate supervisor; and investigators, paralegals, support staff members, experts, or consultants who are working under the direction of defense counsel. The Legal Defense Team does not include the defendant's family members, spouses, friends, or associates of the defendant.

5.      Limitation on Disclosure beyond the Legal Defense Team: Except as provided by this Order, the Legal Defense Team shall not disclose any Protected Material covered by this order or otherwise, either directly or indirectly to any person, entity, or public forum other than members of the Legal Defense Team.

6.      Limitations on Copying Protected Material: The Legal Defense Team may make copies or electronically reproduce discovery, including Protected Materials, as deemed necessary by defense counsel for use in connection with this case. The Legal Defense Team shall not provide a copy, screenshot, or electronic reproduction of the materials to anyone outside of the Legal Defense Team. Any copies and reproductions authorized by defense counsel shall be treated in the same manner as the originals.

7.      Limitations on Use in Open Court: The Legal Defense Team will redact any Protected Material sought for use in unsealed judicial proceedings. This Order is not sought to limit the use of any Protected

3

Material, as otherwise permitted or prohibited by this Order.

8.    <u>Notification Regarding this Order</u>: Defense counsel must provide members of the Legal Defense Team and the defendant with a copy of this Order before providing them access to, permitting them to view, or advising them of the contents of Protected Material. Such persons must read this Order and sign Attachment A, certifying that he or she understands and agrees that he or she is bound not to disclose the materials or the contents therein to any person who is not a member of the Legal Defense Team. Defense counsel and defendant shall provide counsel for the Government with a copy of signed certifications. Defense counsel shall maintain a file containing the signed notices of all other defense team members, which may be subject to disclosure on Order of this Court in the event of a claimed breach of this Protective Order.

9.    <u>Disposition Following the Conclusion of the Criminal Case</u>: Within sixty days of a dismissal, or acquittal in this case, the defense counsel shall destroy, or return to the Government, all Protected Material. Within sixty days of a conviction in this case, defense counsel may retain a copy of the discovery in this case only if defense counsel stores the Protected Material in a secure electronic or physical environment that limits access to such materials to the Legal Defense Team for its use in this case. All Protected Material must be destroyed or returned to the Government within

4

sixty days of the conclusion of any appeals. Nothing in this order prevents the Government from seeking a court order to further restrict the retention of Protected Material following resolution in this case.

10.  Violations of this Order: The disclosure, dissemination, loss, use or retention of Protected Material contrary to this Order shall be deemed a violation of this Order subjecting the defendant, attorneys, or other person(s) to sanctions and consequences outlined in Fed. R. Crim. P. 16(d)(2).

11.  Exclusions from this Order: The restrictions set forth in this Order do not apply to Protected Material that is, or later becomes, part of the public record, including materials that have been received in evidence in this or other public trials. Materials that are filed under seal, of course, are not part of the public record. Further, the restrictions in this Order are not intended to limit the use of Protected Material in any judicial proceeding in this case, except as described in this order.

12.  Limited Scope of this Order: This Order does not constitute a ruling on the question of whether any particular materials are properly discoverable or admissible and does not constitute a ruling on any potential objection to the admissibility or discoverability of the material.

13.  Modification: Nothing in this Order shall be construed as a waiver or prevent any party from seeking modification of this Order, or from

objecting to Protected Material that it believes to be otherwise improper.

14.    Filings with the Court: Consistent with the spirit of this Order, the Government may file any witness list in this case under seal and provide copies to defense counsel via email. If witness names need to be referenced in any motions or filings in this case, such motions or filings must be made under seal. Such motions or filings would then be subject to the same terms and conditions of this Order.

IT IS SO ORDERED.

DATED: April _____, 2026.


_____
Douglas L. Micko
United States Magistrate Judge

## ATTACHMENT A: CERTIFICATION

By signing below, I, _____ ,

(please type or print legibly), hereby certify that I have read this Protective

Order and agree to be bound by its terms.


_____                    _____
Date                                      Signature