**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | No. 26-cr-25 (LMP/DLM) |
| Plaintiff, | |
| v. | **ORDER ON DISCOVERY** |
| Nekima Levy Armstrong et al, | |
| Defendants. | |

At the request of Defendants Trahern Crews, Monique Cullars-Doty, and Thomas Tier (collectively "Defendants"), the Court convened a conference to discuss the status of discovery produced by the government. (Doc. 511.) Defendants asserted that the government violated the Court's Amended Protective Order "by producing heavily redacted discovery so as to conceal the names and personal identifying information (PII) of every witness, notwithstanding the fact that that information is already covered by the protective order." (*Id.*) The Court directed the government to respond to Defendants' letter, and set a status conference for today's date. (Docs. 512, 513.)[1] This Order summarizes the Court's oral ruling on the matter.

The government does not deny that its production includes redaction of law enforcement officers, witness, and victim names and personal identifying information

---

[1] Subsequent to Defendants' letter, a number of additional defendants sought leave to join the status conference (Docs. 514, 515, 516, 517.) This Court denied those requests to join. (Doc. 518.) Nonetheless, this Order applies with equal force to the government's discovery obligations for all Defendants.

1

("PII"). (Doc. 520.) Nor does it deny that there is a Protective Order in this case which addresses the dissemination and use of victim and witness PII. (*Id.*; *see also* Doc. 505 (Amended Protective Order).) Rather, the government asserts that even though the Protective Order directly addresses the character, use, and dissemination of victim and witness PII, that Order "does not bar the Government from taking other steps to protect victim and witness PII." (Doc. 520 at 2.) As the government sees it, the Protective Order is a starting point, but from there the government is free to impose additional protections by anonymizing discovery through redactions. It claims that such redactions are "entirely proper" because of its victim-centric obligations under the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771. (*Id*. at 5.)

The Court respectfully disagrees. The reason for a protective order is precisely to address concerns the government raises now—the potential disclosure and misuse of sensitive information. That is, after all, what the government itself said was the reason for seeking a protective order. (*See, e.g.,* Doc. 495 at 3 (suggesting protective order due to "the privacy interests of victims and witnesses").) Thus, the Protective Order:

- Deemed unredacted victim and witness PII "Protected Materials" (Doc. 505 at 1-2);

- Limited the use of those materials to each Defendant's legal defense team (Doc. 505 at 2-3);

- Specifically prohibited the disclosure or copying of Protected Materials outside of each Defendant's legal defense team (Doc. 505 at 2-3); and

- Required redaction of Protected Materials for use in unsealed judicial proceedings (Doc. 505 at 3).

The Protective Order contemplates sanctions against those who violate it. (Doc. 505 at 4.) And importantly, the Protective Order required each member of the legal defense team—including Defendants—to provide a certification that they have read the Protective Order and agree to be bound by it in order to receive Protected Materials. (Doc. 505 at 3.)

In the Court's view, there was no lack of clarity about the government's discovery obligations. The Court's Pretrial Scheduling and Litigation Management Order required government disclosures to be made no later than April 24, 2026. (Doc. 411.) Those disclosures were to include all information required by Federal Rule of Criminal Procedure 16(a). (Doc. 140.) The government's suggestion that by not specifically ordering the disclosure of unredacted discovery the Court tacitly permitted self-help redactions is simply wrong:  the presumption is full and unredacted disclosure. *Accord* Fed. R. Crim. P. 16(a)(1). Deviation from that norm requires leave of court. And the Court's prior orders did not contemplate that the government's disclosures would be redacted to render them incomplete, since the issue was never brought to the Court (until now).

The Court respectfully also disagrees with the government that the CVRA empowers it to unilaterally and heavily redact its discovery in the manner that has apparently occurred, when there is a Protective Order in place that already provides confidentiality protection.[2] The CVRA speaks generally of victims' rights, something the Court appreciates as well. That is why there is a Protective Order in this case—one that

---

[2] The Court invited counsel for the government to provide a citation to any case adopting what it referred to as its "belt and suspenders" approach, given the absence of any such citation in its written submission. It provided none.

specifically addressed the disclosure and use of victim identifying information. But nothing in the CVRA speaks to redaction of victim identifying information in the specific manner employed here, and the CVRA's general interest in protection of victims is, in fact, what animated the Court's issuance of a protective order in the first place. The statute does not, however, permit the government to take its own approach to discovery beyond the bounds of the Court's Protective Order.

Additionally, the CVRA addresses the rights of crime *victims*, not witnesses or law enforcement agents. *See* 18 U.S.C. § 3771(a). As to witnesses and law enforcement officers, the government provided no other authority to the Court to support its redactions. As to witness rights specifically, the Court included witness PII within the scope of "Protected Material" in its Protective Order, such that their information is already subject to confidentiality protection without redaction. (Doc. 505 at 2.) Victims have enhanced protections under the Protective Order, since their identities are deemed "Protected Material" as well. (*Id.*) And all such Protected Material may not be used, disclosed, or disseminated beyond each defendant's legal defense team, all of whom will be subject to sanctions in the event of a violation of the Protective Order. (*Id.* at 3-4.) These protections are robust and enforceable, and strike the appropriate balance between the privacy interests of those affected by the alleged offense conduct and the constitutional rights of the accused.

Discovery unredacted, at least as to victim and witness contact information—subject to the restrictions of the Protective Order—is consistent with Rule 16(a), as well as each

4

Defendant's constitutional rights to a fair trial, aided by the effective assistance of counsel.[3]

Accordingly, the government is **ORDERED** to produce discovery consistent with its Rule 16(a) obligations, unredacted as to all victim and witness names, addresses, and telephone numbers; as well as fully unredacted as to law enforcement PII, no later than May 22, 2026. The Court selected this date for production based on the input of counsel, most particularly, the government's indication that an unredacted production in the manner described above would not be a resource heavy task and could be accomplished within a week. If it turns out that timeline is incorrect, the government may seek relief from the Court.

**SO ORDERED.**

DATED: May 14, 2026                           *s/Douglas L. Micko*
                                              DOUGLAS L. MICKO
                                              United States Magistrate Judge

---

[3] As discussed at the status conference, the government is not required to reproduce unredacted materials to legal defense teams who have not provided the executed certification contemplated by Section 8 of the Protective Order. (Doc. 505.)