## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

|  |  |
|---|---|
| United States of America, | No. 26-cr-25 (LMP/DLM) |
| Plaintiff, |  |
|  | **ORDER** |
| v. |  |
| Nekima Levy Armstrong, et al., |  |
| Defendants. |  |

This matter is before the Court on Defendants Don Lemon, Georgia Fort, Shane Bollman,[1] and Michael Beute's[2] Motions for Disclosure of Grand Jury Proceedings (Docs. 125, 441) and Defendants' Joint Motion for Disclosure of Grand Jury Material (Doc. 491).[3] Also before the Court is Defendants Don Lemon, Georgia Fort, Shane Bollman,[4] and Michael Beute's Motion for Immediate Disclosure of *Brady* Materials and Permission to File a Motion to Reconsider the Extension of the Discovery Deadline (Doc. 413). The government opposes each of the Defendants' motions (Docs. 479 (consolidated response in opposition to Defendants Lemon, Fort, and Bollman's Motion for Disclosure of Grand

---

[1] Mr. Bollman filed a Motion for Release/Disclosure of Grand Jury Materials and to Join Doc. No. 125 Motion of Co-Defendants for Disclosure of Grand Jury Materials. (Doc. 441.) The Court grants Mr. Bollman's Motion to Join Doc. No. 125 Motion of Co-Defendants for Disclosure of Grand Jury Materials.

[2] The Court interprets the motion Mr. Beute filed on June 1, 2026 (Doc. 532) to include a request to join his co-Defendants' Motion for Disclosure of Grand Jury Material. The Court has already granted Mr. Beute's motion. (Doc. 534.)

[3] Defendant Amelia Hana moved to join her co-Defendants' Joint Motion for Disclosure of Grand Jury Material. (Doc. 492.) The Court granted her motion. (Doc. 494.)

[4] Mr. Bollman also moved to join his co-Defendant's Motion for Immediate Disclosure of *Brady* Materials (Doc. 414) which the Court granted (Doc. 418).

Jury Proceedings), 480 (response in opposition to Defendant Bollman's motion to disclose noting substantive response found at Doc. 479), 510 (response in opposition to Joint Motion for Disclosure of Grand Jury Material), 481 (response in opposition to Defendants Lemon, Fort, Bollman, and Beute's Motion for Immediate Disclosure of *Brady* Materials). For the reasons stated below, Defendants Lemon, Fort, Bollman, and Beute's Motions for Disclosure of Grand Jury Proceedings (Docs. 125, 441) and Defendants' Joint Motion for Disclosure of Grand Jury Material (Doc. 491) are denied without prejudice.[5] Additionally, Defendants Lemon, Fort, Bollman, and Beute's Motion for Immediate Disclosure of *Brady* Materials and Permission to File a Motion to Reconsider the Extension of the Discovery Deadline (Doc. 413) is denied as moot.

## BACKGROUND

On February 26, 2026, the government charged 39 Defendants[6] by Superseding Indictment each with one count of Conspiracy Against Right of Religious Freedom at Place of Worship in Violation of 18 U.S.C. § 241; and one count of Injure, Intimidate, and Interfere with Exercise of Right of Religious Freedom at Place of Worship, in violation of 18 U.S.C. § 248(a)(2), (b) and § 2(a). (*See generally* Doc. 144.) The Superseding Indictment alleges that on January 18, 2026, Defendants entered the Cities Church in St.

---

[5] Still pending before the Court is Ms. Fort's Motion for Disclosure (Doc. 528), which Mr. Beute has joined (Docs. 532 (Motion to Join), 534 (Order granting Motion to Join). The government filed its response to Ms. Fort's Motion yesterday. (Doc. 539.) A decision on Ms. Fort's Motion will issue separately in due course.

[6] On March 20, 2026, the government moved to dismiss Defendant Heather Danae Lewis under Federal Rule of Criminal Procedure 48(a). (Doc. 412.) The Court granted the government's motion. (Doc. 416.)

Paul, Minnesota, after religious services had begun and "engaged in acts of oppression, intimidation, threats, interference, and physical obstruction" and as a result the "congregation was forced to terminate the Church's worship service[.]" (*Id.* ¶¶ 3-4.)

Defendants Lemon[7], Fort, Bollman, and Beute contend in their Motions for Disclosure of Grand Jury Proceedings that there is a substantial likelihood that, due to what they characterize as factual and legal misstatements in the Superseding Indictment, the government grossly misrepresented facts and the law to the Grand Jury in order to obtain a probable cause finding. (Doc. 125 at 18.) Similarly, the other Defendants argue in their Joint Motion for Disclosure of Grand Jury Material that there is reason to believe, based on alleged flaws in the Superseding Indictment's allegations, that the government provided the Grand Jury misleading legal instruction; "failed to ensure that the Grand Jury engaged in an individualized, defendant-by-defendant assessment of probable cause"; engaged in improper commentary before the Grand Jury; and "improperly rushed" the Grand jury's deliberation based on the government's claim of "national emergency." (Doc. 491 at 9.) According to all Defendants, they have demonstrated particularized need to overcome the presumed secrecy of grand jury proceedings and warrant disclosure of the Grand Jury materials in this case.

The government, for its part, counters that Defendants' arguments of impropriety before the Grand Jury are premised on speculation, and therefore Defendants have shown

---

[7] Defendant Lemon has also submitted an unsolicited Notice of Supplemental Authority (Doc. 525) in support of his motion. Although the Court neither sought nor granted permission for such filing, it has considered the submission with Mr. Lemon's arguments.

no particularized need justifying disclosure of Grand Jury materials here. But in any event, says the government, it was not required to present any legal instruction or exculpatory evidence to the Grand Jury, so Defendants' motions should be denied.

As for Defendants Lemon, Fort, Bollman, and Beute's Motion for Immediate Disclosure of *Brady* Materials, Defendants argue, in part, that the "government's indictment of an innocent person underscores the need for the remaining defendants to receive *Brady* materials and discovery without further delay." (Doc. 413 at 4.) The government asserts that it will produce any *Brady* material relating to Ms. Lewis's dismissal in accordance with the Court's Scheduling Order, and that an order for immediate disclosure of any such material is unnecessary.

The Court addresses each motion in turn below.

## I.   DEFENDANTS' MOTIONS FOR DISCLOSURE OF GRAND JURY MATERIALS ARE DENIED WITHOUT PREJUDICE.

Defendants aver that they will seek dismissal of the Superseding Indictment due to alleged irregularities that occurred before the Grand Jury. From Defendants' vantage, the "extraordinary" course the government took to obtain the Superseding Indictment and alleged public misstatements of law by high-level Department of Justice ("DOJ") officials about this prosecution must have infected the Grand Jury proceedings such that the government's attorneys provided similarly-faulty legal instructions and withheld exculpatory facts from the Grand Jury in order to secure a finding of probable cause for the Superseding Indictment. All this, according to Defendants, amounts to a particularized need justifying disclosure of the Grand Jury materials in this case.

4

The government, for its part, denies that any DOJ official publicly misstated the law regarding this case. Even if a high-level official did publicly misstate the law, says the government, Defendants have failed to show that government's counsel of record made similarly flawed statements to the Grand Jury here. According to the government, Defendants have failed to connect any alleged legal misstatements or factual misrepresentations to any of the Grand Jury proceedings in this case, so they cannot carry their heavy burden of showing a particularized need for disclosure. But whether the Grand Jury was provided faulty or firm legal instructions, or presented with facts exculpating Defendants is of no moment because, the government argues, a prosecutor is under no obligation to give the Grand Jury legal instructions, nor do prosecutors have a legal obligation to present exculpatory evidence to the Grand Jury.

Under Federal Rule of Criminal Procedure 6(e)(3)(E)(ii), "[t]he court may authorize disclosure . . . of a grand-jury matter . . . at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury[.]" A person seeking disclosure must make a "strong showing of particularized need for grand jury materials." *In re Grand Jury Proc. Relative to Perl*, 838 F.2d 304, 306 (8th Cir. 1988) (quoting *United States v. Sells Eng'g, Inc.,* 463 U.S. 418, 443 (1983)). A defendant shows particularized need where 1) sought after material "is needed to avoid a possible injustice in another judicial proceeding"; 2) "the need for disclosure is greater than the need for continued secrecy"; and 3) the request covers only the needed material. *Id.* (citing *Douglas Oil Co. v. Petrol Stops Nw.,* 441 U.S. 211, 222 (1979)). But "a generalized hope" of "some defect in the jury proceedings" does not justify disclosure. *Thomas*

*v. United States*, 597 F.2d 656, 658 (8th Cir. 1979)). Rather, "particularized need" requires presenting specific evidence of prosecutorial overreach; "a defendant who has not pointed to anything in the record which might suggest that the prosecution has engaged in improper conduct before the grand jury has failed to carry his burden." *United States v. Finn*, 919 F. Supp. 1305, 1326 (D. Minn.), *adopted*, 911 F. Supp. 372 (D. Minn. 1995), and *aff'd sub nom. United States v. Pemberton*, 121 F.3d 1157 (8th Cir. 1997), and *aff'd sub nom. United States v. Pemberton*, 121 F.3d 1157 (8th Cir. 1997) (quoting *United States v. Lame,* 716 F.2d 515, 518 (1983)).

"Under the prevailing law of this Circuit, the prosecutor is not under an obligation to provide the Grand Jury with any legal instructions." *Finn*, 919 F. Supp. at 1327 (citing *United States v. Zangger,* 848 F.2d 923, 925 (8th Cir. 1988) (Indictment should not have been dismissed because of prosecutor's failure to instruct the Grand Jury on the applicable law of obscenity).) Moreover, "[t]he prosecutor is normally not under a duty to disclose facts [to the Grand Jury] which would be the basis of a defense at the trial." *United States v. Civella,* 666 F.2d 1122, 1127 (8th Cir. 1981).

Defendants point to alleged misstatements of law by high-level DOJ officials, as well as the President of the United States, as suggestive that the government provided improper legal instruction to the Grand Jury. Defendants also argue that the government failed to provide exculpatory evidence and therefore misrepresented facts to the Grand Jury. Defendants assert that because these alleged flaws may warrant dismissal of the Superseding Indictment, they have made a strong showing of particularized need for disclosure of the Grand Jury materials here.

But there are at least three problems with Defendants' position. First, although Defendants point to specific statements by DOJ officials and the President that they claim may have influenced the Grand Jury proceedings, this does not translate to a showing that those involved in presenting this matter *to the Grand Jury* made any inappropriate statements or engaged in improper conduct before that body. And that is the more salient inquiry when it comes to Grand Jury proceedings. *See Finn*, 919 F. Supp. at 1326 ("a defendant who has not pointed to anything in the record which might suggest that the prosecution has engaged in improper conduct before the grand jury has failed to carry his burden."). This is not, after all, a motion to dismiss based on outrageous government conduct. *See, e.g., United States v. Morse*, 613 F.3d 787, 792-93 (8th Cir. 2000).

Second, even accepting Defendants' theory that the government provided erroneous legal instructions to the Grand Jury, the government is under no "obligation to provide the Grand Jury any legal instructions." *Id*. at 1327 ("Thus, even if . . . we further assumed that the Grand Jury was improperly instructed . . . for purposes of Section 1163, we would not dismiss the related Counts of the Indictment, and we would have no permissible basis to invade the secrecy of the Grand Jury proceedings[.]"); *see also United States v. Buchanan,* 787 F.2d 477, 487 (10th Cir. 1986) (rejecting an attack on an erroneous legal instruction that had been given to the Grand Jury). "Therefore, a challenge to an instruction to the Grand Jury is not a proper basis for the dismissal of an Indictment that is valid on its face." *Id*. And here, though Defendants allude to motions to dismiss they intend to file, there is nothing before the Court challenging the facial validity of the Superseding Indictment.

Finally, as for Defendants' theory that the government may have failed to provide exculpatory evidence to the Grand Jury, the governing law requires no such disclosure, as the grand jury sits not to determine guilt or innocence, but to assess whether there is adequate basis for bringing a criminal charge[.]" *United States v. Pearson*, No. 17-cr-72 (JNE/TNL), 2018 WL 3946467, at *3 (D. Minn. Aug. 16, 2018) (*United States v. Darden*, 688 F.3d 382, 387 (8th Cir. 2012) (further citation omitted). Likewise, an indictment need not anticipate a defendant's affirmative defenses. *Id.* (citing *United States v. Clark*, No. 11-cr-032 (JRT/LIB), 2011 WL 2015224, at *3 (D. Minn. Apr. 15, 2011)). Thus, even accepting for the purposes of this motion that the government failed to provide proper legal instruction and exculpatory evidence to the Grand Jury, neither of these serve as a basis to dismiss the Superseding Indictment.

Defendants rely on the decision in *United States v. Comey*, 809 F. Supp. 3d 396, 401 (E.D. Va. 2025) to suggest that this Court should order the disclosure of Grand Jury materials here. But *Comey* is different. In *Comey*, "the particularized findings of the Court establish[ed] that ground[s] may exist to dismiss the indictment because of a matter that occurred before the grand jury[.]" 809 F. Supp. 3d at 413 (quoting Fed. R. Crim. P. 6(e)(3)(E)(ii)). Here, even accepting that the government provided improper legal instruction and failed to present exculpatory facts to the Grand Jury, that does not establish that "a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury[.]" Fed. R. Crim. P. 6(e)(3)(E)(ii)). Defendants have therefore presented "no permissible basis to invade the secrecy of the Grand Jury proceedings" at this time. *Finn*, 919 F. Supp. at 1327.

Accordingly, Defendants' Motions for Disclosure of Grand Jury Material (Docs. 125, 441, 491) are denied without prejudice.

## II. DEFENDANTS LEMON, FORT, BOLLMAN, AND BEUTE'S MOTION FOR IMMEDIATE DISCLOSURE OF *BRADY* MATERIALS AND PERMISSION TO FILE A MOTION TO RECONSIDER THE EXTENSION OF THE DISCOVERY DEADLINE IS DENIED AS MOOT.

Defendants ask the Court to issue an order directing the government to immediately disclose all *Brady*[8] material, including Grand Jury materials, and seek permission to file a motion to reconsider the Court's Order granting an extension of the discovery deadline. Defendants argue that the government's charging of an innocent person in this case highlights the need for immediate disclosure of *Brady* material. But as Defendants note in their motion, the Court has Ordered the government to immediately disclose any exculpatory material under *Brady*. (Doc. 413 at 5 (citing the Court's *Brady* Obligation Order as to Mr. Lemon found at Doc. 126).) And the Court has issued the same Order for every Defendant in this case. (*See* Docs. 10, 14, 30, 51, 57, 63, 78, 127, 187, 189, 192, 193, 203, 207, 209, 211, 215, 219, 228, 231, 232, 235, 236, 240, 255, 258, 260, 268, 307, 333, 442, 443, 456, 461, 466, 471, 476.) Because the Court has Ordered the government to timely comply with its obligations under *Brady* and its progeny, and warned the government that failure to disclose exculpatory evidence in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or other

---

[8] *Brady v. Maryland*, 373 U.S. 83 (1963).

sanctions by the Court, it will not do so again. Defendants' motion for an order directing immediate release of all *Brady* material is therefore denied as moot.

As for Defendants' request for permission to file a motion for the Court to reconsider the discovery deadline, that request is also denied as moot. When Defendants filed their motion, the government's discovery deadline was April 24, 2026. (*See* Doc. 411.) That deadline has now passed. Then, litigation over the government's discovery production postponed the discovery deadline still further to May 22, 2026. (Doc. 522.) That deadline has also passed. Because the government's discovery deadline has passed, Defendants' request for permission to file a motion for the Court to reconsider the discovery deadline is also denied as moot.

Accordingly, Defendants Don Lemon, Georgia Fort, Shane Bollman, and Michael Beute's Motion for Immediate Disclosure of *Brady* Materials and Permission to File a Motion to Reconsider the Extension of the Discovery Deadline (Doc. 413) is denied in its entirety as moot.

DATED:  June 10, 2026                    *s/Douglas L. Micko*
                                                   DOUGLAS L. MICKO
                                                   United States Magistrate Judge