**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,                                    No. 26-cr-25 (LMP/DLM)

        Plaintiff,

v.                                                           **AMENDED PRETRIAL**
                                                             **SCHEDULING AND CASE**
                                                             **MANAGEMENT ORDER**
Nekima Levy Armstrong et al,

        Defendants.

This matter is before the Court on Defendants' Motion for Extension of Time to File Pretrial Motions (Doc. 562). As grounds for the requested continuance, defense counsel indicates that additional time is needed to review recently disclosed discovery and research and prepare appropriate pretrial motions. The government does not oppose the extension. The Court has reviewed responses from Mr. Lemon, Ms. Fort, Mr. Beute, and Mr. Bollman indicating they do not oppose an extension for their co-Defendants but do object to an extension for themselves. (Docs. 565, 566.) In the interest of justice, the Court finds that its failure to grant the requested continuance would deny the signing Defendants reasonable time necessary for effective preparation. Pursuant to 18 U.S.C. § 3161(h)(6), the Court finds the period of delay for Mr. Lemon, Ms. Fort, Mr. Beute, and Mr. Bollman reasonable given their co-Defendant status. The Court denies the requests of Mr. Lemon, Ms. Fort, Mr. Beute, and Mr. Bollman to sever them from the remaining Defendants for pretrial purposes.

1

Therefore, **IT IS ORDERED** that Defendants' motion (Doc. 562) is **GRANTED** as follows:

## PRETRIAL MOTIONS DEADLINE

1. All motions must be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **August 31, 2026**. D. Minn. LR 12.1(c)(1). If any party finds it does not need to participate in a motions hearing, either because no motions were filed, or for any other reason, counsel for that party must electronically file a letter saying so on or before **August 31, 2026**, or immediately upon the occurrence of the event making a motions hearing unnecessary if that event occurs after August 31, 2026.

2. All motions must be accompanied by a meet and confer statement that is signed by the attorney filing the motion. The parties must meet and confer in a good faith attempt to narrow the issues presented by the motion, and to ensure that both parties are aware what witnesses and evidence they potentially will need at a motions hearing. The meet and confer process must be conducted either in person or by telephone. The meet and confer statement filed with the Court must state the date, time, manner (telephone or in-person), and outcome of the meet and confer process.

3. All responses to motions must be filed by **October 1, 2026**. D. Minn. LR 12.1(c)(2).

4. Any Notice of Intent to Call Witnesses must be **October 1, 2026**. D. Minn. LR. 12.1(c)(3)(A).

5. Any Responsive Notice of Intent to Call Witnesses must be filed by **October 9, 2026**. D. Minn. LR 12.1(c)(3)(B).

6. A Motions Hearing will be held pursuant to Federal Rules of Criminal Procedure 12(c) where:

   a. The Government makes timely disclosures and Defendant identifies in the motions particularized matters for which an evidentiary hearing is necessary; or

   b. Oral argument is requested by any party in its Motion, objection, or response pleadings.

7. The Court has reserved time for hearings on pretrial motions on **October 19, 20, 21, and 22, 2026** in the Devitt Ceremonial Courtroom of the United States Courthouse, 316 N. Robert Street, in St. Paul, Minnesota. D. Minn. LR 12.1(d). Given the extended advance notice, counsel should be prepared to go forward with any hearings on these days. The Court does not anticipate granting continuances for scheduling conflicts.

8. The parties will share with each other and the Court any exhibit lists and proposed exhibits at the time of filing any Notice of Intent to Call Witnesses.

9. If the defendant files any pretrial dispositive motions to suppress seeking a so-called "four corners" review of a warrant and its supporting documents, the defendant must also submit a memorandum specifying the bases for suppression or they will not be considered by the Court. *See* D. Minn. LR 12.1(c)(1)(B) ("To called "four corners" review of a warrant and its supporting documents, the

defendant must also submit a memorandum specifying the bases for suppression or they will not be considered by the Court. *See* D. Minn. LR 12.1(c)(1)(B) ("To the extent practicable, a motion under Fed. R. Crim. P. 12(b) to suppress evidence must identify that evidence and the nature of the challenge."). The Court will not *sua sponte* undertake such a review.

10. In addition to pre-hearing motions and responses identified above, the Court anticipates permitting post-hearing submissions from the parties. Given this, the Court will not permit pre-hearing "reply" submissions from Defendants.

11. The parties will receive the remaining dates related to trial by separate Order.

12. The parties should address trial matters such as voir dire, severance, and the sequestration of witnesses with the District Judge.

13. The period of time from this Order's date to October 22, 2026, the fourth and final day of a scheduled four-day motion hearing shall be excluded from the Speedy Trial Act computations in this case. The Court specifically finds that the ends of justice served by taking this action outweigh the best interest of the public and the Defendants in a speedy trial.

**SO ORDERED.**

DATED: July 24, 2026                      s/Douglas L. Micko
                                          DOUGLAS L. MICKO
                                          United States Magistrate Judge

4