**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

[8] GEORGIA ELLYSE FORT,

    Defendant.

Court File No. 26-25 (LMP/DLM)

**MOTION TO COMPEL THE**
**GOVERNMENT TO PRODUCE**
**FAVORABLE EVIDENCE**

Defendant Georgia Ellyse Fort respectfully moves the Court, pursuant to the authority of *Brady v. Maryland*, 373 U.S. (1963), *Miller v. Pate*, 386 U.S. 1 (1967), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, for an order compelling disclosure of any evidence in the possession of the government or any of its agents that is exculpatory or relevant for impeachment purposes. This request includes evidence not directly in the possession of the government, but the existence of which is known or, through the exercise of due diligence, may or could become known to the government; that may be favorable to Fort or could reasonably weaken or affect any evidence that may be introduced against Fort; or that is otherwise relevant to the subject matter of this case that may, in any manner, aid Fort in the investigation or preparation of this case for trial or sentencing. Disclosure should be made without regard to whether the evidence to be disclosed may be admissible at trial.

The government's *Brady* and *Giglio* obligations include, but are not limited to, the following:

1.    Any statements of any witness exculpating Fort;

1

2.	Any failure to identify Fort by any eye witness to the offense;

3.	Any statement of any witness that contradicts other statements by that witness or contradicts the statements of any other witness;

4.	Any reports of interviews relating to or containing statements or identification contained in paragraphs 1-4;

5.	Any items seized from parties, charged or not charged, which tend to identify them rather than Fort with commission of the charged offenses;

6.	Any prior convictions, arrests, or criminal involvement of prospective government witnesses;

7.	Any offers, promises, or inducement made to prospective government witnesses to secure their cooperation against Fort, whether or not the government intends to call those persons as witnesses, and whether or not express deals were entered into with those persons; and

8.	Any other evidence relevant to impeachment of government witnesses, including evidence of witnesses' prior lies or untruthfulness, witnesses' biases or prejudices regarding Fort, and the success or failure of any witness's prior cooperation with the government.

Fort respectfully requests that the Court order the government to disclose such information promptly and on an ongoing basis at any future time when additional exculpatory or impeachment evidence is discovered by the government.

Dated:  August 6, 2026          Respectfully submitted,

By:  *s/ Matthew S. Ebert*

**BALLARD SPAHR LLP**
Leita Walker
Matthew S. Ebert
Isabella Salomão Nascimento
2000 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Tel: (612) 371-3211
walkerl@ballardspahr.com
ebertm@ballardspahr.com
salomaonascimentoi@ballardspahr.com

Seth D. Berlin (*pro hac vice*)
1909 K Street NW, 12th Floor
Washington, DC 20006
Tel: (202) 508-1122
berlins@ballardspahr.com

**THE LAW FIRM OF KEVIN C. RIACH, PLLC**
Kevin C. Riach
125 Main St. SE, Suite 339
Minneapolis, MN 55412
Tel: (612) 203-8555
kevin@riachdefense.com

*Counsel for Georgia Ellyse Fort*

3