**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**Criminal Case No. 26-25 (4)(8) (LMP/DLM)**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>[8] Georgia Ellyse Fort,<br><br>Defendants. | **GEORGIA FORT'S OBJECTIONS TO AUGUST 7, 2026 ORDER (ECF 616) DENYING DISCLOSURE OR FULL *IN CAMERA* REVIEW OF ALL GRAND-JURY MATERIALS** |

## INTRODUCTION

Pursuant to Local Rule 72.2(a), Georgia Fort respectfully objects to those portions of the Magistrate Judge's August 7, 2026 Order ("August 7 Order") (ECF 616) that have not been rendered moot by Judge Provinzino's August 18, 2026 Order.

Earlier in the case, Ms. Fort moved for disclosure and *in camera* review of grand jury materials based on the government's presentation of materially inaccurate statements of *law* to the grand jury. ECF 125. The Magistrate Judge denied that motion, ECF 540, and Ms. Fort filed objections, ECF 550. In response, on August 18, Judge Provinzino issued an Order for *In Camera* Review, directing that by August 25, 2026:

> the United States produce a copy of the transcripts and a thumb drive of any multi-media evidence for in camera review for (1) the presentation by the Department of Justice attorney(s) and case agent(s) to the grand jury on January 29, 2026, resulting in the indictment (ECF No. 39); and (2) the presentation by the Department of Justice attorney(s) and case agent(s) to the grand jury on February 26, 2026, resulting in the superseding indictment (ECF No. 144). The materials should comprise any introduction, legal instruction for the two counts, witness testimony, and closing, including answers to questions from the grand jurors.

ECF 631.

While the prior motion was pending before the Magistrate Judge, Ms. Fort learned through discovery that the government had made false statements in both the superseding indictment and in sworn affidavits submitted to multiple judges. For example, the government repeatedly swore under oath that Ms. Fort participated in "chanting" during the Church protest, but the government subsequently was forced to admit that those allegations were false. Accordingly, Ms. Fort filed a second motion for disclosure or *in camera* review of grand jury materials (the "Second Motion") to ensure that the government's many false statements of *fact* did not taint the grand jury's deliberations.

In the August 7 Order adjudicating that second motion (and at the hearing on that motion), the Magistrate Judge properly found there were sufficient irregularities to warrant judicial scrutiny of the government's conduct before the grand jury through *in camera review*. But the Magistrate Judge limited the relief to only witness testimony and exhibits submitted to the grand jury regarding Ms. Fort and Mr. Beute, and specifically declined to review any other aspects of the grand jury proceedings including, significantly, statements made by counsel for the government to the grand jury when no witness was present. In Ms. Fort's view, this is akin to concluding that there is reason to believe that a house may have been built on a shaky footing but deciding only to inspect a part of its foundation.

By directing a more fulsome review of the grand jury proceedings, the Court's August 18 Order grants much of the additional relief sought by Ms. Fort. However, to fully preserve her position, Ms. Fort respectfully files these objections to the August 7

Order and requests that it be set aside, including to preserve her request for the additional relief she seeks including (a) review of all grand-jury materials, including any materials from dates other than those specified in the August 18 Order; and (b) disclosure of the grand jury materials to the defense.

## ARGUMENT

### I. IT WAS AN ABUSE OF DISRECTION FOR THE COURT TO FIND SUFFICIENT IRREGULARITIES TO WARRANT *IN CAMERA* REVIEW BUT CONDUCT ONLY A PARTIAL REVIEW.

During the July 24, 2026 hearing on the Second Motion, counsel for Ms. Fort and Mr. Beute detailed the slew of evidence suggesting improper government conduct before the grand jury, including describing how this case began with "the Government unfortunately charg[ing] the case first and then [trying] to investigate it later." Transcript of July 24, 2026 Hearing ("Tr.") at 5:22-6:20. Among other serious irregularities plaguing the government's prosecution of Ms. Fort, the government falsely asserted in a sworn affidavit that Ms. Fort used her camera as a "weapon" at Cities Church, falsely claimed in other affidavits that she joined in the chants of the protestors whom she covered as a journalist, and went so far as to falsely attribute to Ms. Fort specific statements of protest that she never uttered at Cities Church. ECF 528 at 3-7. Despite acknowledging that its assertions about Ms. Fort's conduct are wrong, and directly contradicted by evidence it had in its possession, the government has refused to acknowledge whether it repeated such material falsehoods about Ms. Fort to the grand jury. Tr. at 10:1-20.

At the conclusion of the hearing, the Magistrate Judge "ordered the government to disclose transcripts of Grand Jury witness testimony and documents related to Ms. Fort and Mr. Beute" for *in camera* review. ECF 616 at 1 (citing Tr. at 38-43). This ruling was based on Federal Criminal Procedure 6(e)(3)(E), *id.*, which permits a court to authorize disclosure of a grand-jury matter "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury[.]" Fed. R. Crim. P. 6(e)(3)(E). In other words, after considering the extensive evidence of impropriety submitted by Ms. Fort and other defendants, the Magistrate Judge properly concluded there were sufficient irregularities to warrant *in camera* review of the grand-jury materials.

However, the Magistrate Judge only directed the government to produce just a portion of the relevant grand-jury materials before deciding that no further review was necessary. *See* ECF 616 at 2. And, the Magistrate Judge explicitly excluded from his review anything the government said to the grand jury outside of the presence of witnesses which, logically, are the portions of the proceedings most susceptible to impropriety.[1] *See* Tr. at 41:7-43:6. As a result, denying Ms. Fort's "request for in camera review of nonpublic documents that possibly contain exculpatory evidence" is an "abuse [of the court's] discretion[.]" *United States v. Erickson*, No. 24-CR-7 (JMB/DLM), ECF 132 at 4 (D. Minn. May 12, 2025) (setting aside order denying request for grand-jury

[1] When this component was raised for consideration in the July 24, 2026 hearing, the Magistrate Judge noted that the record was preserved as to defense counsel's request for a full review of the transcript but that the request was denied at that time. *See* Tr. at 41:7-43:19.

testimony and directing magistrate judge to review them for exculpatory evidence) (citing *United States v. Garcia*, 562 F.3d 947, 953 (8th Cir. 2009)). This abuse of discretion calls for setting aside the August 7 Order and requiring disclosure, or at a minimum a complete *in camera review*, of all the grand-jury materials.

## II. THE AUGUST 7 ORDER IMPROPERLY MADE THE GOVERNMENT THE ARBITER OF WHAT WAS SUBJECT TO *IN CAMERA* REVIEW.

The August 7 Order memorializes the Magistrate Judge's decision during the July 24, 2026 hearing to permit the government to provide him with "the grand jury proceedings as they relate to defendants Fort and Beute[,]" clarifying that he wanted "the testimony and also any exhibits that were submitted to the grand jury on those two issues." Tr. at 39:13-17. There are three primary flaws with this decision.

*First*, Ms. Fort respectfully submits that the same party against whom there is evidence of impropriety should not be the sole arbiter of what further evidence is reviewed to determine the scope of that impropriety.

*Second*, the government has already proven to be woefully underinclusive when selecting grand-jury materials for *in camera* review in this case. For example, after discovery and newly unsealed search warrant applications revealed that the government made numerous material misrepresentations of fact about her conduct, including under oath, Ms. Fort moved for disclosure or *in camera* review of the grand-jury materials. *See* ECF 528. In response, the government admitted those statements were false but disclaimed any harm because they were not included in the complaint affidavit or either indictment. ECF 539 at 1-5, 7-8. Through discovery, Ms. Fort learned the government did

in fact include the false allegations in a subsequent complaint affidavit submitted to the Court. Tr. at 33:21-23 ("The second complaint was lodged with the Court, … [s]o it was submitted."). Yet, it steadfastly refuses to say whether it presented those same falsehoods to the grand jury, and then determined that a mere "two lines" of grand-jury testimony needed to be reviewed *in camera*, ECF 539 at 16. Worse, the recently disclosed testimony of the government's primary grand-jury witness—the only grand jury testimony the government has produced to date—wholly rebuts the superseding indictment's principal averments about Ms. Fort's conduct. *See* ECF 544 & 544-1.

*Third*, limiting what the government was required to provide the court to materials "relate[d] to defendants Fort and Beute", Tr. at 39:14-15, provided the government the opportunity to exclude instances during the grand-jury proceedings where the government improperly conflated Ms. Fort's conduct with the conduct of other defendants, as the government has done throughout this case. Throughout the Superseding Indictment, the government repeatedly attributes conduct to "defendants," and may have done so before the grand jury, even though the facts clearly confirm that Ms. Fort did not engage in such conduct. For example, the Superseding Indictment alleges that the "defendants collectively . . . physically occup[ied] *most* of the main aisle," as a result of which parishioners "fled" (*i.e.*, left) "the Church building," including through "alternative" exits. ECF 144 ¶¶ 4, 8(26), 8(39). The government does not allege that Ms. Fort was among those "collective[]" defendants, but it has not been willing to confirm that it did not simply lump together all defendants when presenting the case to the grand jury. *Id.* Indeed, during the July 24, 2026 hearing, the Magistrate Judge

recognized the government's proclivity towards imprecisely and improperly lumping defendants together:

> I don't know what to do with the fact that **your indictment indicates that unnamed defendants have engaged in some overt acts which support the probable cause to believe they're criminally liable for a conspiracy**, that is, an agreement, **and there's some evidence…that suggests that the grand jury may have been misinstructed about whether Ms. Fort was among those people**. In other words, here I'm seeing in the indictment some indication that it was impactful to the grand jury if somebody was chanting or shouting or whatnot to determine whether or not that person was a member of the conspiracy.

Tr. at 27:22-28:7 (emphasis added). Despite this concern articulated by the Court, the government could have thought it was complying with the letter of the August 7 Order by submitting only those portions of the grand jury transcript that *expressly* mention Ms. Fort and Mr. Beute but excluding portions that misleadingly and improperly lump Ms. Fort in with other defendants. For this additional reason, the August 7 Order should be set aside and the Court should order disclosure of all grand-jury materials.

Finally, Ms. Fort preserves her separate request that, if the grand jury materials reflect that the grand jury was improperly instructed as to either the law or the facts pertaining to her, those materials be disclosed so that she can file an appropriate motion to dismiss the superseding indictment as to her on that basis.[2]

[2] While the Court's August 18 Order is quite clear that the Court expects a complete set of grand jury materials, to the extent that the government convened grand jury proceedings on dates other than the two dates specifically enumerated in that Order and might otherwise conclude it need not produce materials from that date, Ms. Fort respectfully requests that the Court clarify that it expects to review all grand jury materials, of any kind and that resulted in any indictment, from this case.

## CONCLUSION

For all these reasons, Ms. Fort respectfully objects to the August 7 Order and respectfully requests that the Court direct disclosure of all grand-jury materials to the defense to reveal whether the government presented the grand jury with the same material falsehoods about Ms. Fort's conduct at Cities Church that permeate its sworn affidavits.

Respectfully submitted,

*s/ Matthew S. Ebert*

**BALLARD SPAHR LLP**
Leita Walker
Matthew S. Ebert
Isabella Salomão Nascimento
2000 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Tel: (612) 371-3211
walkerl@ballardspahr.com
ebertm@ballardspahr.com
salomaonascimentoi@ballardspahr.com

Seth D. Berlin (*pro hac vice*)
1909 K Street NW, 12th Floor
Washington, DC 20006
Tel: (202) 508-1122
berlins@ballardspahr.com

**THE LAW FIRM OF KEVIN C. RIACH, PLLC**
Kevin C. Riach
125 Main St. SE, Suite 339
Minneapolis, MN 55412
Tel: (612) 203-8555
kevin@riachdefense.com
*Counsel for Georgia Ellyse Fort*

# CERTIFICATE OF COMPLIANCE

I, Matthew S. Ebert, hereby certify that the foregoing Objections to the August 7, 2026 Order (ECF 616) Denying Full *In Camera* Review of Grand-Jury Materials comply with Local Rules 72.2(c)(1) and (2). The length of this document is 2,109 words. It was prepared using Microsoft Office 365, and this word-processing program was applied specifically to include all text, including headings, footnotes, and quotations for word count purposes.

*s/ Matthew S. Ebert*
Matthew S. Ebert