UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Court File No. 26-CR-25 (LMP/DLM)

United States of America,
Plaintiff,

v.

Catie Anne Michaelson,
Defendant.

**Motion for Return of Cell Phone**

Pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, Defendant Catie Anne Michaelson hereby moves the Court for an order directing the Government to return her dark blue Apple iPhone with broken screen protector. This rule provides that "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Both of those provisions apply here. The seizure of Ms. Michaelson's phone was unlawful because it was warrantless and no exception to the Fourth Amendment's warrant requirement applied. The continued deprivation of her possessory interest in her phone is also unlawful because it is constitutionally unreasonable because the phone has already been subjected to a forensic extraction and the Government has proffered no reason that continued detention is necessary.

## Factual Background[1]

Shortly after 6:00 on the morning of February 27, 2026, Eric and Catie Michaelson[2] were arrested at their home. Agents had warrants for the arrests, but did not have a warrant to search the home or to seize any items. After both Eric Michaelson and Catie Michaelson were taken into custody, agents performed a "security sweep" to ensure that no other people were present in the home. During that sweep they located a cell phone in a closet in a bedroom. Agents assumed the phone belonged to Catie Michaelson and asked if she wanted to bring it. She said she did not. They seized it anyway.

At the Bishop Henry Whipple Federal Building, agents initially attempted to inventory the phones together, but when Ms. Michaelson objected, they created a separate Detention Notice and Custody Receipt for Detained Property (form 6051D) for the phone attributed to her. [*See* Bates 5299 (initially indicating that two phones were seized from Eric Michelson, but then corrected to a quantity of one).] When she asked, Ms. Michaelson was told that her phone was being detained and would be returned upon her release from custody. It was not.

---

[1] Ms. Michaelson has filed a separate motion to suppress evidence. (Doc. 759.) One of the grounds for that motion is that the warrantless seizure of the phone was constitutionally unreasonable, in violation of the Fourth Amendment. Because that motion is based on the same facts, the background presented herein is abbreviated, focusing on the facts unique to the prolonged detention of Ms. Michaelson's phone.

[2] Mr. and Ms. Michaelson will be referred to herein using their first names as necessary to avoid confusion and typographical errors.

On March 16, 2026, HSI Special Agent Gerber applied for and obtained a warrant to search the phone attributed to Catie Michaelson. On or about the same day, agents realized they had mistakenly executed the warrant for Eric Michaelson's phone by extracting data from Catie Michaelson's phone. On April 8, 2026, SA Gerber applied for and obtained an amended warrant to search Ms. Michaelson's phone. From April 10-13, 2026, agents reviewed the previously-extracted data.

On May 14, the undersigned counsel reached out to counsel-of-record for the Government to request return of the phone to Ms. Michaelson. The Government has yet to provide a substantive response to this request. Details regarding communications between the parties and disclosures by the Government are detailed in the Declaration of Counsel submitted herewith.

## Argument

### I. The seizure of the phone was unconstitutional because agents did not have a warrant and no exception to the Fourth Amendment's warrant requirement applied.

Ms. Michaelson has filed a separate motion to suppress all evidence obtained from her phone, in part due to the unconstitutional nature of its seizure. Because the exact same law and analysis applies to this motion, rather than repeat it, she hereby incorporates by reference section I of Doc. 759.

### II. The continued retention of the phone is unconstitutional because it unreasonably interferes with Ms. Michaelson's possessory interest in her phone.

Fourth Amendment reasonableness generally involves a balancing of interests. In the ordinary case, "the nature and quality of the intrusion on the individual's Fourth Amendment interests" are weighed "against the importance of the governmental interests alleged to justify the intrusion." *United States v. Place*, 462 U.S. 696, 703 (1983). An individual has significant privacy interests in their cell phone. *Riley v. California*, 573 U.S. 373, 393-97 (2014). But in addition to this privacy interest, "the significant possessory interest that a person has in their cell phone (and its internal contents) is beyond debate." *United States v. Wright*, 23-CR-160 (NEB), 2025 U.S. Dist. LEXIS 33904, *24 (Dist. Minn. Feb. 25, 2025); *see also United States v. Waldrip*, 4:18-CR-00163-RGE-CFB-2, 2019 U.S. Dist. LEXIS 241573 *21 (S.D. Iowa April 3, 2019).

Despite this, agents held onto Ms. Michaelson's phone for two weeks before seeking a warrant for it. It has now had possession of the phone for six months. During that time it has performed a forensic extraction and reviewed the data received from it. The Government has sought and obtained additional data directly from Apple. It has proffered no reason why it should retain possession of the device itself.

As courts have frequently noted, cell phones are indispensable tools of modern life. *See United States v. Mitchell*, 565 F.3d 1347, 1351 (11th Cir. 2009) (describing some of the many functions of cell phones and noting they are "relied upon heavily for personal and business use"). Ms. Michaelson has a strong interest in possessing her cell

phone. As of this submission, the Government has not asserted any interest in continuing to retain it. A forensic extraction has already been completed. Nothing about the report of examination of the extracted data suggests that additional review can or should be accomplished. Because Ms. Michaelson's interest in possessing her phone significantly outweighs the Government's, the court should order its return pursuant to Rule 41(g) and the Fourth Amendment.

## **Conclusion**

Because the warrantless seizure of Ms. Michaelson's phone was unconstitutional and the Court should order the Government to return it to her. Because Ms. Michaelson has a strong possessory interest in her phone and because the Government has already performed a forensic extraction, her possessory interest outweighs the Government's interest in continued retention of her phone. Because this is constitutionally unreasonable, the Court should order the Government to return her property.

Because this motion relies substantially on the same facts as her motion to suppress (Doc. 759) Ms. Michaelson respectfully requests that the Court schedule a Rule 41 hearing on this motion at the same time as the anticipated Rule 12 hearing on that motion.

Respectfully submitted,

Dated: August 31, 2026

/s/ Karen Mohrlant

Karen Mohrlant (388093), kmohrlant@fctyler.com
F. Clayton Tyler, P.A.
331 Second Avenue South, Suite 230
Minneapolis, MN 55401
Ph: 612-333-7309
Attorney for Ms. Michaelson