**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

Plaintiff,

v.

Nekima Levy Armstrong et al,

Defendants.

No. 26-cr-25 (LMP/DLM)

**ORDER**

Before the Court is the government's Motion for Extension of Time to File Response/Reply. (Doc. 821.) In its Motion, the government seeks a 15-day extension to file responses to the 101 defense motions filed and pending before the Court, and further seeks to reset the motions hearing dates from October 19 through 22, 2026, "to the first week of November." (*Id*. at 3.) A number of defendants have filed objections to the government's motion, asserting that the government has not established good cause for the continuance and that resetting the motions hearing will be logistically challenging. (*See generally* Docs. 823, 824, 825.)

The government's motion for extension of time and for resetting of the motions hearing is **GRANTED**, as the government has established good cause for the request. *See* Fed. R. Crim. P. 45(b)(1)(A); D. Minn. LR 12.1(f). Specifically, the government asserts that despite its diligence, it needs additional time to respond to the 101 pending pretrial motions. Defendants challenge this assertion, contending that the breadth of motion practice is a problem of the government's own making (by virtue of charging 38 people in

one indictment). That may be true, but it is a problem nonetheless, and the ends of justice are better served by fulsome and complete motion practice. As a result, the Court grants the government's request to extend the filing deadline for its responses to pretrial motions to October 16, 2026. The government's notice of intent to call witnesses is now due October 16, 2026, as well, with any responsive notice of intent to call witnesses due October 20, 2026.

Defendants raise a fair point that resetting the pretrial motions hearings will be logistically challenging. However, the Court has been able to identify four dates for the continued motions hearings: November 3, 5, 9, and 10, 2026. The parties are directed to meet and confer and, no later than October 23, 2026, provide a joint submission with a proposed schedule for hearing on each defendant's pending motions, including (1) whether the parties anticipate an evidentiary hearing for each respective defendant's motions; and (2) if so, the anticipated length of the testimony. The submission shall also include a proposed ordering of defendants' motions. The Court presumes that Defendants who have filed joinder of others' motions will cede any argument to the principal movant; if any Defendant seeks to argue separately in support of a joined motion, they shall briefly state the basis for the request in the joint submission. If the parties—including codefendants—are unable to agree on the scope, ordering, or time allotment for the pretrial motions hearing, the Court may set its own schedule without further input from the parties.

The Court understands from Defendant Danielle Matthias that her counsel may be unavailable on the above pretrial motions hearing dates. If that remains true at the time of the joint submission, she may seek a continuance on that basis. Likewise, if other

Defendants are unavailable during the entirety of the reserved pretrial motions hearing dates, they may also seek a continuance.

**SO ORDERED.**

DATED: September 24, 2026

*s/Douglas L. Micko*
DOUGLAS L. MICKO
United States Magistrate Judge