UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. NEKIMA VALDEZ LEVY-ARMSTRONG, et al., Defendants. | No. 0:26-cr-025-LMP-DLM **JOINT STATUS REPORT REGARDING PROPOSED PRETRIAL HEARING SCHEDULE** |

Pursuant to the Court's order (Dkt. 826) dated September 24, 2026, the United States, on behalf of all parties to the litigation, submits the following joint status report with a proposed schedule. This status report notes whether: (1) the parties concur on the need for an evidentiary hearing; (2) if so, the anticipated length of testimony; and (3) if no testimony is required, the anticipated length of any argument by the parties. As a preliminary matter, the United States is prepared to stipulate to any federal agent body-worn camera video footage offered as an exhibit at an evidentiary hearing.

Defendant Armstrong and Allen submitted a proposed witness list (Dkt. 914) for an evidentiary hearing relating to Dkt. 756, motion to dismiss for government misconduct, and two motions to suppress the search and seizure of mobile phones, Dkts. 738 and 775. Armstrong and Allen propose 1 hour and 15 minutes of testimony from two former high level government officials,

specifically with respect to Dkt. 756, and three hours of testimony from seven federal agents related to all three motions. *See* Dkt. 914. The government objects to this proposal and contends that there is no need for any evidentiary hearing regarding Dkt. 756, much less 4+ hours of testimony. With respect to the motions to suppress (Dkts. 738 and 775), the government's proposed witness list (Dkt. 907) and supplemental proposed witness list (Dkt. 926) include four of the seven witnesses listed by Armstrong and Allen in Dkt. 914, and believes that will be sufficient with respect to any evidentiary hearing regarding the motions to suppress.

Similarly, Defendant Richardson has proposed an evidentiary hearing related to his motion to dismiss on First Amendment and Commerce Clause grounds (Dkt. 650), including his argument that the FACE Act exceeds Congress's authority under the Commerce Clause. Dkt. 920. Defendant Richardson has proposed calling the individual who submitted a declaration under seal supporting the government's opposition to motions to dismiss under the Commerce Clause. Dkts. 867, 869. The government objects to testimony from this declarant and contends that the Commerce Clause question is a legal issue that requires no evidentiary hearing and no testimony. Defendant Richardson disagrees with the government's position and reserves the right to call the declarant in light of the government's decision to submit a declaration

from this individual in support of its position on the Commerce Clause question.

The following chart notes the proposed hearing date, and when the parties disagree on whether an evidentiary hearing is necessary and the suggested length for oral argument and/or testimony. For the motions of Defendants Lemon, Richardson, Fort, Beute, and Bollman, the November 9 entries reflect the requests set forth in those Defendants' October 14, 2026 letter (Dkt. 864), including as to the motions the seek to argue and time requested for each.[1]

| Proposed Date | Motion Docket# | Government Response Docket # | Evidentiary Hearing | Notes re hearing |
|---|---|---|---|---|
| November 3 | 547 | 909 | None | 15 minutes per side |
| November 3 | 677 | 909 | None | 15 minutes per side |
| November 3 | 760 | 892 | None | 10 minutes per side |
| November 3 | 674 | 900 | None | 20 minutes per side. Defendants require a morning time slot. |
| November 3 | 745 | 902 & 909 | None | 10 minutes per side |
| November 3 | 652, 669 & 742 | 831 | None | No argument. Motions to Sever reserved for Judge Provinzino. |

[1] The government consented to these Defendants' motions being heard together on November 9 to the extent the Court permits argument, and otherwise took no position on their proposal, except to contend that only motions requiring witnesses should be heard. Dkt. 864 at 1 & n.1, 3.

| | | | | |
|---|---|---|---|---|
| November 5 | 659 | 895 | Yes | 30 minutes. |
| November 5 | 661 | 863 | Yes | 30 minutes. Defense counsel only available 11/5. |
| November 5 | 667 | 876 | Yes | 30 minutes. Defense counsel only available 11/5. |
| November 5 | 672 | 866 | Yes | 30 minutes. Defense counsel not available 11/10. |
| November 5 | 699 | 859 | Yes | 30 minutes. Defense counsel not available on 11/10. |
| November 5 | 724, 725, 778 & 927 | 871 | Yes | 30 minutes. Defense counsel needs to be scheduled with Dkts. 744, 751, 770 & 774 |
| November 5 | 744, 751, 770 & 774 | 880 & 885 | Yes | 30 minutes. Defense counsel scheduled with above. |
| November 5 | 759, 766 & 769 | 872, 874 & 901 | Yes. Evidentiary hearing only for 759 & 769. Facial challenge to 766; *Franks* hearing has been requested in the alternative. | 30 minutes. Defense counsel needs time in afternoon. |
| November 5 | 782 & 783 | 894 | Defense counsel initially believed no evidentiary hearing was necessary, but now seeks a hearing based on the | Any hearing must be in the afternoon based on Defense counsel's availability. |

| | | | | |
|---|---|---|---|---|
| | | | Government's response (Dkt. 894). The Government maintains no evidentiary hearing is necessary. | |
| | | | | |
| November 9 | 609 | 893 & 909 | None | Defendant Lemon requests 20 minutes per side (Dkt. 864) |
| November 9 | 610 | 867 | None | Defendant Lemon requests 20 minutes per side. |
| November 9 | 611 | 898 & 899 | None | Defendants Lemon requests 10 minutes per side.(Dkt. 864) |
| November 9 | 695, 712 & 734 | 816 & 817 | None | Defendant Lemon requests 10 minutes per side. (Dkt. 864) |
| November 9 | 554 | 814 | Defendant Lemon has requested a hearing. The government contends no hearing is necessary. | Defendant Lemon requests 60 minutes of testimony and 10 minutes of argument per side. (Dkt. 864) |
| November 9 | 592, 593, 594, 609, 610, 611 & 650 | 867, 893, 898, 899 & 909 | Defendant Richardson reserves right to call the government's declarant (see above). The government asserts that no evidentiary hearing is warranted. | Defendant Richardson requests 20 minutes of argument, covering Dkt. 650 and the joined motions at Dkts. 592, 593, 594, 609, 610 & 611. Defendant Richardson seeks to address the |

| | | | | |
|---|---|---|---|---|
| | | | | joined motions as they apply to him as a journalist. (Dkt. 864) |
| November 9 | 648 & 822 | 816 & 817 | None | Defendant Richardson requests 5 minutes of argument per side. (Dkt. 864) |
| November 9 | 677 | 909 | None | Defendant Richardson requests 5 minutes of argument per side. (Dkt. 864) |
| November 9 | 647 | 897 | Defendant has requested a hearing which the government contends is not necessary. The validity of the search warrant can be determined based on four corners of the warrant. | Defendant Richardson requests 30 minutes of testimony and 10 minutes of argument per side. (Dkt. 864) |
| November 9 | 593 | 909 | None | Defendant Fort requests 15 minutes argument per side. (Dkt. 864) |
| November 9 | 592 | 893 & 909 | None | Defendant Fort requests 25 minutes per side for argument. (Dkt. 864) |
| November 9 | 594 | 898 & 899 | None | Defendant Fort requests 20 minutes of argument per side. (Dkt. 864) |
| November 9 | 721 | 909 | None | Defendant Beute requests |

| | | | | |
|---|---|---|---|---|
| | | | | 10 minutes of argument per side. (Dkt. 864) |
| November 9 | 713 | 878 | Defendant has requested an evidentiary hearing. The government asserts that no hearing is necessary. | Defendant Bollman requests 30 minutes of testimony and 10 minutes of argument per side. (Dkt. 864) |
| November 9 | 706 | 867 & 903 | None | Defendant Bollman requests 20 minutes of argument per side. (Dkt. 864) |
| November 9 | 687 | 867 | None | The defendants who filed Dkt. 687 do not object to all Commerce Clause argument being on the same day and request to be heard on the motion. The government's position is 30 minutes per side for Commerce Clause arguments. |
| November 9 | 678 | 877 | The government asserts that no hearing is necessary. This is challenge to the four corners of the warrant. | 10 minutes per side. Defense counsel only available on this date in the afternoon. |
| | | | | |
| November 10 | 695 | 817 | None | 15 minutes per side. This same motion is scheduled to be |

| | | | | |
|---|---|---|---|---|
| | | | | argued by Defendant Lemon on 11/9. Defense counsel who filed Dkt. 685 is not available on 11/9. |
| November 10 | 701 | 879 | None | 10 minutes per side. |
| November 10 | 763 | 889 | None | 10 minutes per side. |
| November 10 | 718 | 886 | Defendant has requested evidentiary hearing but has not identified witnesses. The government contends no witnesses are necessary. | 10 minutes per side. |
| November 10 | 756 & 758 | 854 | See above. Defendant's request for evidentiary hearing is not warranted. | 15 minutes per side. |
| November 10 | 738 & 775 | 858 & 888 | Yes | 1 hour |
| November 10 | 702 | 875 | Yes | 30 minutes |
| November 10 | 719 | 816 | Yes | 30 minutes |
| November 10 | 747 | 862 | Yes | 30 minutes. Defense counsel is unavailable on 11/5. |
| November 10 | 749 | 891 | Yes | 30 minutes. |
| November 10 | 761 | 890 | Yes | 30 minutes. |

Several defendants have identified Special Agent Tim Gerber as a witness relevant to some of the motions to suppress. The government does not believe that Agent Gerber's testimony is necessary unless there is a material question of fact related to the search warrants issued based on search warrant

applications prepared by Agent Gerber. It is the government's position that there is no such material question of fact regarding any of the warrants at issue.

Defendant Richardson disagrees with respect to his motion to suppress evidence obtained under the Meta/Facebook warrant (Dkt. 647), which was issued on an application prepared by Agent Gerber, and requests that the government make Agent Gerber available to testify on November 9, 2026, when the parties seek to schedule a hearing for that motion. Defendant Lemon similarly requests an evidentiary hearing with respect to his motion to suppress evidence obtained pursuant to the search of his iPhone and a motion for a *Franks* hearing (Dkt. 554), and requests the government make Agent Gerber available to testify regarding those motions on November 9. Defendants Bollman (Dkt. 713), Cullars-Doty (Dkt. 699), Catie Michaelson (Dkt. 766), Okar (Dkt. 747), and Vergin (Dkt. 761), have likewise requested *Franks* hearings. The government asserts that *Franks* hearings are not warranted.

DATED: October 23, 2026.

DANIEL N. ROSEN
United States Attorney

Respectfully submitted,

HARMEET K. DHILLON
Assistant Attorney General

ROBERT J. KEENAN
Acting Deputy Assistant Attorney General

NEVILLE S. HEDLEY
Acting Senior Litigation Counsel

*/s/Neville Hedley*

Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530
Telephone: (202) 297-3424
E-Mail: neville.hedley@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA