**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

Plaintiff,

v.

Nekima Levy Armstrong et al.,

Defendants.

No. 26-cr-25 (LMP/DLM)

**ORDER**

Pursuant to the Court's prior Order (Doc. 826), the parties have submitted a Joint Status Report regarding a proposed pretrial hearing schedule. (Doc. 928.) The Court appreciates the parties' submission, which will serve as the basis for the Court's pretrial motion hearing schedule, subject to certain modifications identified below. This schedule covers hearings set for November 3 and 5, 2026; an additional schedule for hearings on November 9 and 10, 2026, is forthcoming.

**COMPLEX CASE DESIGNATION**

The Court has previously found that this case is complex within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii) and has excluded, pursuant to 18 U.S.C. § 3161(h)(7)(A), the time from July 24, to October 22, 2026, from computation under the Speedy Trial Act of the time within which this case must be brought to trial. The case remains complex and the Court now excludes from the Speedy Trial Act's computations time from this Order's date through and including the resolution of all pretrial motions in this case. The Court specifically finds that the ends of justice served by taking this action outweigh the best

interest of the public and the Defendants in a speedy trial. The Court concludes that the ends of justice are served by excluding time from the Speedy Trial Act's computation and outweigh the best interest of the Defendants and the public in a speedy trial based on the continued prosecution of over 30 Defendants, and those Defendants filing of over 100 pretrial motions, several of which present novel questions of law and require evidentiary determinations. Accordingly, the Court continues to designate this case as complex.

**DEFENDANT PRESENCE AND EVIDENTIARY HEARINGS**

Federal Rule of Criminal Procedure 43 generally requires a defendant's presence at proceedings, which includes many pretrial proceedings. However, a defendant's presence is not required if a "proceeding involves only a . . . hearing on a question of law." Fed. R. Crim. P. 43(b)(3). A number of motions that the Court will hear involve only legal issues and require no evidentiary hearing. For those hearings, a Defendant's personal presence is excused. Additionally, several Defendants have moved for evidentiary hearings pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). (*See, e.g.,* Docs. 699, 747, 766.[1]) The Court has not ruled on any Defendant's request for a *Franks* hearing and will not do so in advance of the November 2026 pretrial motions hearings. As a result, the Court will not permit live testimony regarding the factual integrity of any warrant affidavit at the November 2026 pretrial motions hearings.

---

[1] On October 20, 2026, Defendant Eric Michaelson filed a document entitled Supplemental Request for Evidentiary Hearing (Doc. 911), which the government opposes (Doc. 912). Mr. Michaelson's request relates to the circumstances surrounding warrant affidavits, which is more appropriately raised through a motion for a *Franks* hearing. As a result, Mr. Michaelson's Supplemental Request for Evidentiary Hearing (Doc. 911) is denied.

**GENERAL ORDER UNSEALING CHALLENGED WARRANTS**

To the extent that any Defendant has challenged the validity of an affidavit or warrant still under seal, the Court Orders that all challenged affidavits and warrants be unsealed. If any challenged affidavits or warrants disclose personally identifying information ("PII"), the PII shall be redacted, and the documents shall be unsealed.

**HEARING SCHEDULE—NOVEMBER 3 AND 5, 2026**

With the input of the parties, the Court has organized the following schedule for November 3 and 5, 2026. All hearings will be held in the Edward J. Devitt Courtroom on the first floor of the courthouse. There will be one row reserved for credentialled representatives of the press. The Court has reserved an overflow observation space in the Jury Assembly Room on the first floor. **Counsel and attending Defendants should be prepared to begin at 8:30 a.m.** The Court anticipates the hearings will start each day at 9:00 a.m. and will conclude no later than 5:00 p.m. Defense counsel is strongly encouraged to coordinate argument of overlapping issues to limit redundancy. Additionally, where certain individual motions involve overlapping issues or common evidentiary matters, the Court has aggregated time blocks for those Defendants.

**NOVEMBER 3, 2026**

| Motion Title, (Defendant(s), Docket Number) | Time | Evidentiary (Testimonial) or Not Evidentiary |
|---|---|---|
| Motion to Dismiss for Failure to State Offense (Joint Motion, Doc. 547) | 9:00-9:30 a.m. | Not Evidentiary |
| Motion to Dismiss Count One (Joint Motion, Doc. 677) | 9:30-10:00 a.m. | Not Evidentiary |
| Motion to Dismiss Based on First Amendment (Joint Motion, Doc. 760) | 10:00-10:30 a.m. | Not Evidentiary |
| **BREAK** | **10:30-10:45 a.m.** | |
| Motion to Dismiss for Selective Prosecution (Joint Motion, Doc. 674) | 10:45-11:15 a.m. | Not Evidentiary |
| Motion to Dismiss (Ian Austin, Doc. 97) | 11:15-11:45 a.m. | Not Evidentiary |
| Motion to Dismiss & Motion to Suppress (David Okar, Docs. 745, 747) | 11:45 a.m.-12:15 p.m. | No testimony, exhibits may be received |
| Motions to Sever (Multiple Defendants, Docs. 652, 669, 716, & 742) | No Argument | Not Evidentiary |

**NOVEMBER 5, 2026**

| Motion Title, (Defendant(s), Docket Number) | Time | Evidentiary (Testimonial) or Not Evidentiary |
|---|---|---|
| Motions to Suppress (Ezra Blumenfeld,[2] Doc. 661, and Lee Tuggle,[3] Doc. 667) | 9:00-10:00 a.m. | Evidentiary, limited to initial warrantless seizure of devices. |
| Motion to Suppress (Emmar Pineda-Moreno, Doc. 672) | 10:00-10:30 a.m. | Evidentiary, limited to initial warrantless seizure of devices. |
| **BREAK** | **10:30-10:45 a.m.** | |
| Motion to Suppress (Monique Cullars-Doty, Doc. 699) | 10:45-11:15 a.m. | Evidentiary, limited to initial warrantless seizure of devices. |
| Motion to Suppress (Danielle Matthaias, Doc. 659) | 11:15-11:30 a.m. | Not Evidentiary |
| **BREAK** | **11:30 a.m.-12:30 p.m.** | |
| Various Motions filed by Charles Swenson (Docs. 724, 725, 751, 778, 927) and Robin Swennson (Docs. 744, 751, 770, 774) | 12:30-1:30 p.m. | Evidentiary as to warrantless seizure challenges at Docs. 724 and 927 for Charles Swenson and for warrantless seizure |

[2] On October 9, 2026, Ezra Blumenfeld filed a Joint Motion for Specific Hearing Date, requesting that the Court schedule the hearing on his Motion to Suppress Evidence on November 5, 2026. (Doc. 850.) Accordingly, the Court grants Mr. Blumenfeld's Joint Motion for Specific Hearing Date.

[3] On October 13, 2026, Lee Tuggle filed a Joint Motion for Specific Hearing date requesting that the Court schedule the hearing on her Motion to Suppress Evidence for November 5, 2026. (Doc. 856.) Accordingly, the Court grants Ms. Tuggle's Joint Motion for Specific Hearing Date.

| | | |
|---|---|---|
| | | challenge at Doc. 744 for Robin Swenson. |
| Various Motions filed by Catie Michaelson (Docs. 759, 766, 769) and Eric Michaelson and Supplemental Requests (Docs. 782, 783, 911) | 1:30-2:30 p.m. | Evidentiary as to warrantless seizure and warrantless search challenges set forth in Doc. 759, including search of Catie Michaelson's device pursuant to March 6, 2025 warrant to search Eric Michaelson's device. |
| **BREAK** | 2:30-2:45 p.m. | |
| Motion to Suppress (Aziza Aboud, Doc. 749) | 2:45-3:15 p.m. | Evidentiary, limited to warrantless seizure and retention of device. |

For those hearings that include evidentiary components, the parties should be prepared to present live witnesses during the dates set forth above. The time slots are approximate, so parties should plan accordingly.

**SO ORDERED.**

DATED: October 27, 2026

*s/Douglas L. Micko*
DOUGLAS L. MICKO
United States Magistrate Judge