**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

Plaintiff,

v.

Nekima Levy Armstrong et al,

Defendants.

No. 26-cr-25 (LMP/DLM)

**ORDER**

Pursuant to the Court's prior order (Doc. 826), the parties have submitted a Joint Status Report regarding a proposed pretrial hearing schedule. (Doc. 928.) The Court appreciates the parties' submission, which will serve as the basis for the Court's pretrial motion hearing schedule, subject to certain modifications identified below. This schedule covers hearings set for November 9 and 10, 2026.

**DEFENDANT PRESENCE AND EVIDENTIARY HEARINGS**

Federal Rule of Criminal Procedure 43 generally requires a defendant's presence at proceedings, which the Court interprets to include pretrial proceedings. However, a defendant's presence is not required if a "proceeding involves only a . . . hearing on a question of law." Fed. R. Crim. P. 43(b)(3). A number of motions that the Court will hear involve only legal issues and require no evidentiary hearing. For those hearings, Defendants' personal presence is excused. Additionally, a number of Defendants have moved for evidentiary hearings pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). (*See, e.g.,* Docs. 554, 713, 761.) The Court has not ruled on any Defendant's request for a *Franks*

hearing, and will not do so in advance of the November 2026 pretrial motions hearings. As a result, the Court will not permit live testimony regarding the factual integrity of any warrant affidavit at the November 2026 pretrial motions hearings. Likewise, evidentiary hearings not specifically contemplated by this Order will not go forward; those reserved are noted as such by footnote.

**HEARING SCHEDULE—NOVEMBER 9 AND 10, 2026**

With the input of the parties, the Court has organized the following schedule for November 9 and 10, 2026. All hearings will be held in the Edward J. Devitt Courtroom on the first floor of the courthouse. There will be one row reserved for credentialled representatives of the press. The Court has reserved an overflow observation space in the Jury Assembly Room on the first floor. **Counsel and attending Defendants should be prepared to begin at 8:30 a.m.** The Court anticipates the hearings will start each day at 9:00 a.m. and will conclude no later than 5:00 p.m.

Defense counsel is strongly encouraged to coordinate argument of overlapping issues to limit redundancy. Additionally, where certain individual motions involve overlapping issues or common evidentiary matters, the Court has aggregated time blocks for those Defendants. The Court anticipates hearing all defense arguments during any particular block before seeking government responsive argument. In aggregated blocks, the Court has proposed a time allotment of equal time for Defendants seeking argument and government response to those arguments. However, the parties are free to structure time within the blocks as they see fit. Note, too, that the proposed allotment does not always precisely match the aggregate time for any particular block. This is intentional. **To ensure**

**an orderly hearing, the parties associated with aggregated time blocks are directed to file a joint status update which includes their proposed time allocation and order of presentment no later than November 4, 2026.**

**NOVEMBER 9, 2026**

| **Motion Title, (Defendant(s), Docket Number)** | **Time Slot** | **Evidentiary (Testimonial) or Not Evidentiary.** | **Proposed Argument Time Allotment** |
|---|---|---|---|
| Motion to Dismiss for Failure to State Offense (Multiple Defendants, Docs. 593, 609, 706, 721) | 9:00-10:30 a.m. | Not Evidentiary | Georgia Fort: 10 minutes/side<br>Don Lemon: 10 minutes/side<br>Michael Beute: 10 minutes/side<br>Shane Bollman: 10 minutes/side |
| **BREAK** | **10:30-10:45 a.m.** | | |
| Motion to Dismiss Based on the Commerce Clause (Multiple Defendants, Docs. 610, 650, 687, 706) | 10:45 a.m-12:30 p.m. | Not Evidentiary | Joint Submission: 20 minutes/side<br>Don Lemon: 10 minutes/side<br>Jerome Richardson: 10 minutes/side[1]<br>Shane Bollman: 10 minutes/side |
| **BREAK** | **12:30-1:00 p.m.** | | |
| Motion to Dismiss Based on First Amendment (Multiple Defendants, Docs. 592, 609) | 1:00-2:00 p.m. | Not Evidentiary | Georgia Fort: 15 minutes/side<br>Don Lemon: 15 minutes/side |
| Motion to Dismiss for Selective Prosecution (Multiple Defendants, Docs. 594, 611) | 2:00-2:45 p.m. | Not Evidentiary | Georgia Fort: 10 minutes/side<br>Don Lemon: 10 minutes/side |
| **BREAK** | **2:45-3:00 p.m.** | | |

[1] Mr. Richardson has sought to argue the application of several motions to dismiss to his circumstances. The Court addresses Mr. Richardson's request further within this schedule.

| | | | |
|---|---|---|---|
| Motion to Dismiss Based on 19 U.S.C. § 1509 Summons (Multiple Defendants, Docs. 695, 712, 734) | 3:00-3:20 p.m. | Not Evidentiary | Don Lemon: 10 minutes/side |
| Motion to Suppress (Don Lemon, Doc. 554) | 3:20-3:30 p.m. | Not Evidentiary | Don Lemon: 10 minutes/side |
| Motion to Suppress (Jarmel Perry, Doc. 678) | 3:30-3:45 p.m. | Not Evidentiary | Jarmel Perry: 5 minutes/side |
| Motions to Suppress & application of Motions to Dismiss (Jerome Richardson, Docs. 647, 648, 822) | 3:45-4:15 p.m. | Not Evidentiary[2] | Jerome Richardson: 15 minutes/side |
| Motion to Suppress (Shane Bollman, Doc. 713) | 4:15-5:00 p.m. | Evidentiary, limited to initial warrantless seizure and retention of devices. | |

[2] In his Motions to Suppress, Mr. Richardson sought an evidentiary hearing. (Docs. 647, 822). Likewise, in the parties' joint submission, Mr. Richardson sought an evidentiary hearing on his Motion to Dismiss based on the Commerce Clause. (Doc. 928 at 6.) It does not appear from the parties' joint submission that Mr. Richardson persists in his request for an evidentiary hearing for his Motion to Suppress Evidence Obtained by Search and Seizure (Section 1509 Summons), filed at Doc. 822. (*See generally* Doc. 928.) As for Mr. Richardson's Motion to Suppress Evidence Obtained by Search and Seizure (Meta/Facebook Warrant), filed at Doc. 647, no evidentiary hearing is necessary to resolve the issues raised in Mr. Richardson's Motion. Additionally, the Court will reserve ruling on the necessity of an evidentiary hearing related to the Commerce Clause issue; no evidentiary hearing on this issue will occur at the Court's November 2026 pretrial motions hearings.

**NOVEMBER 10, 2026**

| Motion Title, (Defendant(s), Docket Number) | Time Slot | Evidentiary (Testimonial) or Not Evidentiary. | Proposed Argument Time Allotment |
|---|---|---|---|
| Motion to Dismiss Based on 19 U.S.C. § 1509 Summons (Multiple Defendants, Docs. 695, 712, 734) | 9:00-9:30 a.m. | Not Evidentiary | 15 minutes/side |
| Motion to Dismiss Based on Government Misconduct (Multiple Defendants, Doc. 756) | 9:30-10:00 a.m. | Not Evidentiary[3] | 15 minutes/side |
| Motion to Compel (Multiple Defendants, Doc. 758) | 10:00-10:30 a.m. | Not Evidentiary | 15 minutes/side |
| **BREAK** | **10:30-10:45 a.m.** | | |
| Motion for Order to Show Cause and various other relief (William Kelly, Doc. 718) | 10:45-11:15 a.m. | Not Evidentiary[4] | 15 minutes/side |
| Motion for Bill of Particulars (Multiple Defendants, Doc. 763) | 11:15-11:45 a.m. | Not Evidentiary | 10 minutes/side |
| **BREAK** | **11:45 a.m.-12:30 p.m.** | | |
| Motion to Suppress (Chauntyll Allen, Doc. 738) | 12:30-1:00 p.m. | Evidentiary, limited to initial warrantless | |

[3] The Court recognizes that Defendants have sought an evidentiary hearing on this Motion. The Court reserves ruling on the need for an evidentiary hearing. No evidentiary hearing will occur on this Motion at the November 2026 pretrial motions hearings.

[4] The Court recognizes that Mr. Kelly has sought an evidentiary hearing on this Motion (and further recognizes that one component of relief Mr. Kelly seeks is an evidentiary hearing). The Court reserves ruling on the need for an evidentiary hearing. No evidentiary hearing will occur on this Motion at the November 2026 pretrial motions hearing.

| | | | |
|---|---|---|---|
| | | seizure of device | |
| Motion to Suppress (Nekima Levy Armstrong, Doc. 775) | 1:00-1:30 p.m. | Evidentiary, limited to the initial warrantless seizure of device | |
| Motion to Suppress (John Vergin, Doc. 761) | 1:30-2:00 p.m. | Evidentiary, limited to the initial warrantless seizure of device | |
| **BREAK** | **2:00-2:15 p.m.** | | |
| Motion to Suppress (Thomas Tier, Doc. 702) | 2:15-2:30 p.m. | Not Evidentiary[5] | |
| Motion to Suppress (William Kelly, Doc. 719) | 2:30-3:00 p.m. | Not Evidentiary[6] | |
| Motion to Strike Appearance of Government Counsel (Multiple Defendants, Doc. 701) | **No Argument** | | |

[5] The Court recognizes that Mr. Tier has requested an evidentiary hearing. However, his Motion to Suppress only addresses the validity of the warrant to search his device, which does not require an evidentiary hearing.

[6] The Court recognizes that Mr. Kelly has requested an evidentiary hearing. However, his Motion to Suppress addresses the improper use of 19 U.S.C. § 1509 summonses, which does not require an evidentiary hearing.

For those hearings that include evidentiary components, the parties should be prepared to present live witnesses during the dates set forth above. The time blocks are approximate, so parties should plan accordingly.

**SO ORDERED.**

DATED: October 28, 2026

*s/Douglas L. Micko*
DOUGLAS L. MICKO
United States Magistrate Judge