UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal Case No. 26-cr-25 (LMP/DLM)

UNITED STATES OF AMERICA,

Plaintiff,

vs.

NEKIMA LEVY ARMSTRONG,

Defendants.

**DEFENDANT 'S MOTION TO SUPPLEMENT THE RECORD**

Defendant Nekima Levy Armstrong, through undersigned counsel, hereby moves the Court for an Order permitting her to supplement the record before the Court as it relates to the multiple pending motions to dismiss the Superseding Indictment for failure to state an offense, and based on free speech. Specifically, Ms. Levy Armstrong seeks to present an excerpt of the grand jury testimony of Twin Cities Church Pastor Jonathan Parnell (filed under seal). The grounds for this Motion are as follows:

1. During the pretrial motions hearing on November 3, 2026, the Court inquired about the allegation in the Superseding Indictment that one of the defendants stated that "the time for judgment had come" and suggested that the statement supported the "inference of a threat." (11/3/2026 Motions Hearing Transcript at 28:12-18, 29:2-8, 114:12-24). The prosecutor responded that the statement "can be construed as a threat." (Id. at 114:25-115:1).

2. The Court's reference appears to be to Overt Act # 24 in the Superseding Indictment which alleges, "As the pastor was beginning his sermon, defendant Armstrong

interrupted the service with loud declarations about the church harboring a 'Director of ICE' and indicating that the time for Judgment had come." (Doc. 144 at 12).

3. A review of the grand jury testimony of pastor Parnell indicates that the Superseding Indictment inaccurately paraphrased the alleged statement and took it out of context. Parnell testified, "And then she [Levy Armstrong] said, 'We're, we're here to bring judgment and judgment begins in the House of God,' which I recognize as quoting scripture from 1st Peter 4."[1] (Supplemental Declaration of Jordan Kushner, Exhibit A, 2nd page, lines 12-15).[2]

4. Parnell further testified that Ms. Levy Armstrong stated that she was a Christian and was bringing judgment, and that Parnell "felt compelled to publicly rebuke her for that. So I said to her, 'Shame on you, shame on you to do this. This is the House of God. We're here to worship and you may leave.'" (Id. 3rd page, lines 17-22).[3]

---

[1] 1 Peter 4:17 states, "For it is time for judgment to begin with God's household; and if it begins with us, what will the outcome be for those who do not obey the gospel of God?"

[2] Ms. Levy Armstrong denies telling the pastor that the time for judgment had come or that she was bringing judgment. Further, none of the audio recordings of the interaction between Parnell and Levy Armstrong provided by the government or obtained by the defense include such a statement. The defense, however, accepts that the question of whether she made the statement is a factual issue that cannot be resolved by the Court at this time.

[3] Ms. Levy Armstrong did not hear Parnell ask her to leave. Further, none of the audio recordings of the interaction between Parnell and Levy Armstrong provided by the government or obtained by the defense include any statement by Parnell asking Levy Armstrong to leave. The defense, however, accepts that the question of whether he made the statement is a factual issue that cannot be resolved by the Court at this time.

5. There are significant differences between the statement alleged in the Superseding Indictment as well as its characterization by the Court and the government, and the statement as described by the government's witness who is the source for said statement:

a) There is a significant difference between saying "the time for judgment has come" versus "We are here to bring judgment and judgment begins in the House of God."

b) There is an extremely significant difference between an unexplained statement that "the time for judgment has come" versus a statement that is identifiable as a quote from the Gospel that is made in a church.

c) Since the statement comes from the Gospel, the speaker of the statement is indicating that judgment will ultimately be rendered by God. It is therefore only God and not the demonstrators who would be imposing any punishment.[4]

d) The fact that Parnell identified the statement from the Gospel undermines any conclusion that he found it to be a threat much less a true threat.

e) Parnell does not state in his testimony that he considered the statement to be a threat.

---

[4] "Peter reassures Christians that it is God's judgment, not human condemnation, that will vindicate the believer." Bible Gateway, www.biblegateway.com/passage/?search=1%20Peter%204&version=NIV

f) The fact that Parnell was willing to "publicly rebuke" Ms. Levy Armstrong indicates that he was not fearful of her and did not feel threatened.

6. The defense vigorously disputes that the statement about the time for judgment as alleged in Superseding Indictment could be reasonably interpreted as a true threat under any circumstances. In any event, the underlying grand jury testimony makes it completely clear that the witness was describing a religious statement rather than a threat.

7. Fed. R. Crim. P. 12(d) permits the district court to decide facts when ruling on a pretrial motion as long as it states "its essential findings on the record." "If the district court determines that the relevant factual evidence is 'undisputed in the sense that it is agreed to by the parties,' pretrial resolution may be appropriate because 'a trial of the general issue would serve no purpose.'" United States v. Baxter, 127 F.4th 1087, 1091 (2025)(citing United States v. Pope, 613 F.3d 1255, 1261 (10th Cir. 2010) (Gorsuch, J.)) Since there is no basis for the government to dispute the existence of grand jury testimony that it provided, there should be no hindrance to the Court considering this additional evidence to provide an accurate context for an allegation in the Superseding Indictment that it may deem to have potential significance.

For the foregoing reasons, Ms. Levy Armstrong respectfully requests that the Court grant her motion to supplement the record.

This Motion is based on all files, records, proceedings, and any arguments of

counsel permitted by the Court.

Dated: November 10, 2026

LAW OFFICE OF JORDAN S. KUSHNER

By s/Jordan S. Kushner

Jordan S. Kushner, ID 219307
Attorney for Defendant
431 South 7th Street, Suite 2446
Minneapolis, Minnesota 55415
(612) 288-0545
jskushner@gmail.com